### JOHN KELLY *et al.*

*v.*

### CITY OF CHICAGO *et al.*

1. BOARD OF PUBLIC WORKS OF CHICAGO—*awarding contract on buildings.* By the charter of the city of Chicago the board of public works was made a

distinct branch of the city government, having charge and superintendence of all the public improvements of the city, and all contracts were required to be awarded by said board " to the lowest reliable and responsible bidder or bidders." The board advertised for sealed proposals for the construction of a new "lake tunnel" of the estimated cost of $400,000, reserving the right to reject any bid for certain causes. The contract was awarded to Steel & McMahon, who were not the lowest bidders. The complainants, whose bid was about $4,000 less, filed their bill in equity to restrain the board and Steel & McMahon from entering into the performance of the contract, and to compel the board to award the contract to complainants, also claiming that, as tax payers, they were entitled to demand the letting of the work to the lowest bidder. The court below dismissed the bill: *Held*, that the decree was right; and that, so far as the bill sought to have the contract awarded to complainants, it was in the nature of a mandamus, and would not lie, as the board was invested with a discretion which, in the absence of fraud, the courts would not seek to control; that the complainants had no clear legal right to the relief sought; and that the claim of injury as a tax payer was equally inadmissible as a ground for maintaining the bill.

APPEAL from the Circuit Court of Cook County.

Mr. M. W. FULLER, for the appellants.

Mr. M. F. TULEY, for the city of Chicago and the commissioners.

Mr. H. S. MONROE, for Steel & McMahon.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

The board of public works of the city of Chicago, on the 24th day of November, 1870, advertised for sealed proposals for the construction of a new " lake tunnel " of the estimated cost of $400,000, the advertisement containing the following clause :

" The board reserve the right to reject any bid not in accordance with the conditions of this advertisement, or to reject all bids ; and no proposal will be accepted unless in due form, and unless the party offering it shall give evidence satisfactory to the board that he has the necessary skill, experience, energy,

and ability for doing the work; is trustworthy, and has sufficient pecuniary resources."

The charter of the city has the following provision:

"All contracts shall be awarded by said board to the lowest reliable and responsible bidder or bidders who shall have complied with the above requisition, and who will sufficiently guarantee, to the satisfaction of said board, the performance of said work, under the superintendence and to the satisfaction of said board; *Provided,* That the contract price does not exceed the estimate or such other sum as shall be satisfactory to said board; copies of which contracts shall be filed in the office of the comptroller of said city."

In response to the advertisement several parties made proposals for the work; among the bids the two following were the lowest: John McBean & Co., $330,396; John Kelly & Co., $336,648. There was a bid of Steel & McMahon for $340,866. John McBean & Co. refused to take the contract. The board of public works awarded the contract to Steel & McMahon.

This bill in equity was filed by Kelly & Co. to restrain the board of public works and Steel & McMahon from entering into and performing the contract for doing this work, and to compel the board to award the contract to Kelly & Co., on the ground that they were the lowest reliable and responsible bidders; and also that, as tax payers, they are entitled to demand that the contract be awarded to the lowest bidder.

The bill, so far as it seeks affirmative relief by having the contract awarded to complainants, is in the nature of a mandamus, and should be governed by principles applicable to that form of remedy.

And it is well settled that, whenever the act sought to have done requires the exercise of discretion, this remedy will not lie. There must be a clear legal right to the thing sought. *The People* v. *The Contracting Board,* 27 N. Y. 378; *Wilson*

v. *The Mayor,* etc., 1 Denio 595 ; *Hull* v. *Supervisors,* etc., 19 J. R. 259 ; *The People* v. *The Canal Board,* 13 Barb. 432 ; *The People* v. *The Mayor,* etc., 25 Wend. 680.

The complainants have merely submitted a proposal to make a certain contract with the board ; how do they found upon that a right to have the board make the contract with them ?

The notice for proposals expressly reserved the right to reject any bid.

The charter did not make it the absolute duty of the board to let the contract to the lowest bidder ; it provides that " all contracts shall be awarded by said board to the lowest reliable and responsible bidder."

These qualities of being reliable and responsible, it is obvious, were of the utmost importance in the construction of a work of this magnitude.  And the complainants must have been the possessors of these requisites, as well as being the lowest bidders, to make a case of duty on the part of the board to award the contract to them.

It was for the board to determine whether the complainants were reliable and responsible ; it exercised its judgment upon the question, and found they were not so ; and for that reason awarded the contract to another bidder.

This board of public works is a distinct branch of the city government, and the most responsible duties devolve upon it.

It has the special charge and superintendence of all the public improvements of the city.

It is the fit tribunal to pass upon the qualifications of contractors—and evidently, under the charter, it is the board of public works who are to be the judges and determine upon the required qualifications of bidders, and no one else.

Should the court hear proofs and determine that these complainants were reliable and responsible, and direct the board of public works to award the contract to them, it would exercise the discretion which belongs to the board, which would be unwarranted under the well-settled principles of law, as declared in the authorities above cited, and as against it be-

ing a matter of equitable cognizance, see *Mooers* v. *Smedley*, 6 J. Ch. R. 27.

Nor can the court restrain the exercise of this discretion in the board by prohibiting it from entering into the contract with Steel & McMahon, in the absence of fraud, which is not shown in this case.

The claim in that respect, on the ground that complainants may suffer injury as tax payers, by an increase of taxation, to the amount of some $4,000, the difference between the two bids, in case the contract be awarded to Steel & McMahon, instead of to the lowest bidder, is entirely inadmissible.   It, too, would interfere with the exercise of official discretion.   And aside from the objection of maintaining such suit, in respect to complainants' rights as tax payers merely, where their private rights are not peculiarly affected, and the only concern they have in the question belongs to them only as members of the community, (*Doolittle* v. *Supervisors of Broome County*, 18 N. Y. 155; *Miller* v. *Grundy*, 13 Mich. 540) we could not look with favor upon a complaint of that amount of added taxation, caused for the purpose of securing honest and competent contractors, in a work of such character and magnitude, where an act of incompetency or unfaithfulness in the performance of the contract might easily bring upon the city losses which, in comparison, would dwarf the sum complained of into insignificance.

The decree of the court below dismissing the bill is affirmed.

*Decree affirmed.*