[No. 15762.    Department One.—June 4, 1895.]

## H. W. RICE ET AL., APPELLANTS, v. BOARD OF TRUSTEES OF THE TOWN OF HAYWARDS ET AL., RESPONDENTS.

MUNICIPAL CORPORATIONS—CREATION OF INDEBTEDNESS—STATUTORY CON-
STRUCTION.—Section 865 of the Municipal Corporation Act of 1883,
which forbids the board of trustees of cities or towns to create, audit,
allow, or permit to accrue any debt or liability in excess of the avail-
able money in the treasury that may be legally appropriated for such
purpose, has no application to a proceeding under the Municipal In-
debtedness Act of 1889, to provide for a public improvement requiring
an expenditure in excess of the amount allowed therefor by the annual
tax levy of the town; and the latter act is controlling in the cases pro-
vided for therein.

ID.—REJECTION OF BIDS—POWER OF MUNICIPAL BOARD.—The municipal
board is justified in rejecting or refusing to consider a bid put in for a
public improvement by a town official who could not lawfully take the
contract therefor; and may also reject any bid which is clearly collusive
and fraudulent.

ID.—PROOF OF CHARACTER OF BIDS—RECORDS OF BOARD—ADMISSIBILITY OF
EVIDENCE.—It is not requisite for the board in making a record of its
action in rejecting bids to make an entry of their reasons for so doing,
and any statement of reasons entered in the record does not preclude
the board from showing in court what reasons in fact caused their
action; and the court may admit evidence as to the facts in the case.

ID.—RESTRICTION OF BIDDERS—ACTION OF MEMBERS OF BOARD—HARM—
IRREGULARITY—EQUITABLE RELIEF.—The action of individual members
of the municipal board in directing the engineer to inform intending
bidders that no bids for the work would be received unaccompanied by
a bid for the purchase of the bonds is not sufficient ground for relief in
equity against a contract for a public improvement, where it does not
appear that any injury accrued from the irregularity complained of, and
there is no evidence that any one was deterred thereby from bidding
on the contract, or that any person would have bid without such con-
dition who did not bid with it, or that the bids put in were any higher
by reason of such condition than they would have been without it, or
that there was any fraud or bad faith.

APPEAL from a judgment of the Superior Court of
Alameda County and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*C. C. Hamilton*, and *G. S. Langan*, for Appellants.

The action of the board in letting the contract was
beyond the power of the board. (Municipal Corpora-

tion Act, secs. 865, 874.)  The action of the board in compelling bidders to bid for bonds vitiated the contract.  (*Nicholson Pavement Co.* v. *Painter*, 35 Cal. 699; *Brown* v. *Jenks*, 98 Cal. 10; *Excelsior Paving Co.* v. *Pierce* (Cal., July 25, 1893), 33 Pac. Rep. 727; *Partridge* v. *Lucas*, 99 Cal. 519.)  Municipal corporation can only exercise such powers as are expressly granted, and a contract in excess of such powers will be enjoined.  (*McCord* v. *Pike*, 121 Ill. 288; 2 Am. St. Rep. 85; *McCoy* v. *Briant*, 53 Cal. 247; *Springfield* v. *Edwards*, 84 Ill. 627; Beach on Corporations, sec. 697; *Sutro* v. *Pettit*, 74 Cal. 337; 5 Am. St. Rep. 442; *McBean* v. *San Bernardino*, 96 Cal. 187; *Shakespear* v. *Smith*, 77 Cal. 638; 11 Am. St. Rep. 327; *Spring Valley Water Works* v. *San Francisco*, 82 Cal. 309; 16 Am. St. Rep. 116; *Yarnell* v. *Los Angeles*, 87 Cal. 603; *Winn* v. *Shaw*, 87 Cal. 631; *Barry* v. *Goad*, 89 Cal. 222; *Walker* v. *Emerson*, 89 Cal. 456.)

*D. M. Connor*, and *Parker & Eells*, for Respondents.

The Municipal Indebtedness Act provides a complete scheme for bids for public improvements.  (Stats 1889, p. 399; Amended Stats. 1891, pp. 84, 132; Stats. 1893, p. 61.)  The Municipal Indebtedness Act is a general law upon a subject within legislative power, and the proper steps to be taken thereunder are regulated by that act.  (*In re Wetmore*, 99 Cal. 149.)  An injunction is discretionary and will not be granted for slight damage, in comparison with great public benefits, where good faith and sound discretion has been exercised.  (*Wood* v. *Bangs*, 1 Dak. 179, and numerous cases cited; Spelling on Extraordinary Relief, sec. 697; *Kelly* v. *Mayor etc.*, 53 Md. 134; *City of Logansport* v. *Uhl*, 99 Ind. 539; 50 Am. Rep. 109.)  Boards must exercise reasonable discretion, and courts will not interfere where no fraud or bad faith or serious injury is shown.  (*Moran* v. *Village of White Plains*, 12 N. Y. Supp. 61; *Mulrein* v. *Kalloch*, 61 Cal. 522; *Kelly* v. *City of Chicago*, 62 Ill. 279; *Attorney General* v. *Detroit*, 55 Mich. 184, 185; *Madison* v. *Harbor Board*, 76 Md. 395; *Findley* v. *Pittsburgh*, 82

Pa. St. 353; *People* v. *Contracting Board*, 33 N. Y. 382; *Cleveland etc. Co.* v. *Board of Commrs.*, 55 Barb. 388; *Brevoort* v. *Detroit*, 24 Mich. 322.) Plaintiff having stood by and allowed the contract to be taken out and the contractor to expend money in good faith, it is too late to apply for an injunction? (*Brown* v. *Merrick Co.*, 18 Neb. 356, 363, and cases cited; *City of Logansport* v. *Uhl, supra; Bigelow* v. *Los Angeles*, 85 Cal. 614.)

VAN FLEET, J.—By this action the plaintiffs sought to have canceled and annulled a certain contract entered into between said defendant board and the defendant McMullin for the construction of a sewer system for the town of Haywards, and an injunction to restrain the execution and carrying out of the provisions of said contract.

Judgment went for defendants denying the relief sought, from which, and an order refusing a new trial, the plaintiffs appeal.

1. The objection that the action of the defendant board in letting the contract is void as being in contravention of section 865 of "An act to provide for the organization, incorporation, and government of municipal corporations" (Stats. 1883, p. 93), is without force. That section, it is true, forbids the board of trustees of a city or town to " create, audit, allow, or permit to accrue any debt or liability in excess of the available money in the treasury that may be legally appropriated for such purposes"; but that section has no application to the facts of this case. Here the authorities of the town were providing for a public improvement, requiring an expenditure in excess of the amount allowed for such improvement by the annual tax levy of the town, and the proceedings of the board were taken under and in pursuance of the act commonly known as the "Municipal Indebtedness Act." (Stats. 1889, p. 309.) That act is a general act, and makes provision for just such contingencies as that confronting the authorities of the town of Haywards in this instance. Its purpose is declared in

the initial section which provides: " Any city, town, or municipal corporation, incorporated under the laws of this state, may, as hereinafter provided, incur indebtedness to pay the cost of any municipal improvement, or for any purpose whatever requiring an expenditure greater than the amount allowed for such improvement by the annual tax levy." The subsequent sections provide a method of procedure for accomplishing the purpose desired, with which the acts of the defendant board in this instance would seem to have been strictly in accord. And in the cases provided for therein the act is controlling. (*In re Wetmore,* 99 Cal. 149.)

2. Nor was there any such irregularity in the manner of letting or awarding the contract as to affect its validity.

The board was justified in rejecting, or refusing to consider, the two bids which it threw out. The findings, which are fully supported by the evidence, show that the one bid was put in by a town official, who could not lawfully take the contract; and the other was clearly a collusive and fraudulent bid. It was not requisite for the board, in making a record of its action on rejecting these bids, to also make an entry of their reasons for so doing, and the fact that the minutes of the board contained a statement of what purported to be their reason in the premises did not preclude the latter from showing at the trial what in fact occasioned their act. The action of the court, therefore, in admitting evidence as to that fact, was not erroneous.

Assuming, for the purposes of the argument, that the action of individual members of the board in directing the engineer to inform intending bidders that no bid for the work would be received unaccompanied by a bid for the purchase of the bonds, can be regarded, as is contended by appellants, as the act of the board; and that the same was unauthorized and improper, as tending to restrict bidding to those able to take or desirous of taking the bonds, it nevertheless does not appear that any injury was worked thereby. There is no evidence

that any one was deterred by that fact from bidding on the contract, or that any person would have bid without such condition who did not bid with it. Nor is there any evidence to show that the bids that were put in were any higher by reason of that supposed condition than they would have been without it. Under such circumstances, where no fraud or bad faith are shown, and no injury appears to have accrued from the irregularity complained of, it will not be regarded as sufficient ground for relief in equity. (*Attorney General* v. *Detroit*, 55 Mich. 181; *Kelly* v. *Chicago*, 62 Ill. 279.)

There are no other points demanding special notice. From a review of the entire record we are satisfied that there is no substantial ground for which the judgment or the order denying a new trial should be reversed.

This conclusion renders it unnecessary to pass upon the motion to dismiss the appeal.

The judgment and order appealed from are affirmed.

Garoutte, J., and McFarland, J., concurred.