82 85<br>181s 334

## James Reddick, Clerk, etc., and The Sanitary District of Chicago v. The People ex rel. Mason et al.

1. THE SANITARY DISTRICT OF CHICAGO—*A Municipal Corporation.*— The Sanitary District of Chicago is a municipal corporation; the board of trustees are its corporate authorities, and have full power to pass necessary ordinances, rules and regulations for the proper management and conduct of the business of such corporation, and for carrying into effect the objects for which it is formed, including the power of settling with contractors.

2. SAME—*The Clerk a Ministerial Officer.*—The clerk of the sanitary district is a mere ministerial officer, subject to the order of the board of trustees, and he can only act in pursuance of the order of the board.

3. SAME—*The Clerk can not be Compelled by Mandamus to Disobey the Legal Orders of the Board.*—Where the matter of an order is one resting in the discretion of the board, the exercise of this discretion can not be controlled by the court and the clerk can not be compelled by mandamus to disobey a legal order of the board.

4. MUNICIPAL CORPORATIONS—*When to be Compelled by Mandamus.*— When it is the clear legal duty of municipal authorities, vested with discretion in the premises to act, they may be compelled by mandamus to act, but not to act in any particular way.

5. MANDAMUS—*Does Not Lie to Compel a Violation of Duty.*—Mandamus does not lie to compel an officer to violate his duty.

6. SAME—*The Right Must be Clear.*—The right to the writ must be clear; in a doubtful case it will be refused.

Mandamus.—Trial in the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge, presiding. Judgment for relators on

demurrer; appeal by respondents. Heard in this court at the October term, 1898. Reversed. Opinion filed March 30, 1899.

**Statement of the Case.**—The appellees, Horatio P. Mason, Charles E. Hoge and others, filed a petition in the Circuit Court for a writ of mandamus to appellants. Appellants demurred to the petition; the court overruled the demurrer, and appellants electing to stand by their demurrer, gave judgment for the petitioners, to reverse which judgment this appeal is prosecuted.

The petition is somewhat lengthy, perhaps unnecessarily so, but the main facts alleged in it are as follows :

July 18, 1892, the Sanitary District of Chicago made a contract with Agnew & Co. for the performance by the latter of certain work on the main drainage channel of the district, which contract was assigned by Agnew & Co. to appellees January 17, 1894, with the consent of the sanitary district. June 25, 1897, the work contracted for having been completed, the sanitary district paid to appellees the sum of $113,630.88, leaving unpaid on the contract the sum of $15,000, which last sum was retained by the sanitary district as an indemnifying fund, to await the settlement of certain suits then pending against Agnew & Co. for claims arising prior to the assignment of the contract to appellees. Appellees signed and delivered to the sanitary district a receipt for the money so paid to them, which reads as follows :

" Know all men by these presents, that we, Horatio P. Mason, Charles E. Hoge, John King and Harry B. Hanger, copartners doing business under the firm name and style of Mason, Hoge, King & Company, of the city of Chicago, in the State of Illinois, in consideration of one (1) dollar to us in hand paid, the receipt whereof is hereby acknowledged, and of the full satisfaction to us (except to the amount of fifteen thousand ($15,000) dollars retained for the purposes hereinafter mentioned) by payment of one hundred and thirteen thousand six hundred and thirty and eighty-eight hundredths ($113,630.88) dollars, of which sum five thousand and eleven and forty-one hundredths ($5,011.41) dollars is paid in full for extras, by the Sanitary District of Chicago, in full of all claims and liabilities

arising in any manner out of the certain contract between the Sanitary District of Chicago and said Mason, Hoge, King & Company for the complete excavation and removal of all earth, rock, glacial drift, and other material from that portion of the main drainage channel of said district, known as section 8, which contract bears date of January 17, 1894, have released and waived and do hereby release and waive to said Sanitary District of Chicago, its successors and assigns, and forever discharge all liability for reserve percentage, extras, claims or demands of whatsoever kind or nature, arising upon said contract or in any manner connected therewith or relating thereto, excepting said fifteen thousand ($15,000) dollars above mentioned, said sum of fifteen thousand ($15,000) dollars being retained by said sanitary district, pursuant to the report of its judiciary committee and the action of the board thereon, to await the settlement or adjudication of certain suits in said report mentioned as an indemnifying fund, or until the further order of the board of trustees.

> Mason, Hoge, King & Co.
> H. P. Mason.
> By John King, att'y in fact.
> H. B. Hanger.
> By John King, att'y in fact.
> John King.

Dated Chicago, June 25, 1897."

March 2, 1898, the board of trustees of the district, by adopting a report of its committee on judiciary, ordered that the sum of $15,000 should be paid to appellees upon their filing with the district "proper receipts therefor and release in full of the district, to be prepared in the usual form in such cases." The petition alleges that March 14, 1898, the appellees made demand on James Reddick, who was and is the clerk of the sanitary district, for the payment of said sum of $15,000, and offered to give him a proper receipt therefor, but that Reddick, although he had drawn warrants for the amount, refused to accede to the demand. Appellees, in a letter of date March 14, 1898, addressed to the president of the board of trustees of the district, notified him of the refusal of the clerk to pay them, and expressed a willingness to sign a modification of the receipt demanded of them, and inclosed a draft of a receipt

which they were willing to sign, and which, after acknowledging payment of the $15,000, etc., concludes as follows:

" Have waived and released and do hereby waive and release to said Sanitary District of Chicago, its successors and assigns, and forever discharge it of all liability for reserve percentage, claims or demand of whatsoever kind or nature arising upon said contract or in any manner connected therewith or relating thereto, except for any demands we may have for interest on delayed payments thereunder, and we do also waive and release said Sanitary District of Chicago, of any and all claims or demands of whatsoever kind or nature arising out of or by reason of said contract for the work upon said section 8, excepting only demands on account of interest as aforesaid."

March 16, 1898, the engineering committee made a report to the board, which contains the following:

" The committee further recommends that the clerk of the district be and is hereby directed to pay said Mason, Hoge, King & Company, the said sum of fifteen thousand dollars as mentioned in the order of March 2, 1898, only upon the execution and filing with said clerk of the receipt and release in the form hereto attached."

Attached to this report was a form of receipt, which, after acknowledging payment of $15,000, etc., concludes as follows:

" Have waived and released, and do hereby waive and release to said Sanitary District of Chicago, its successors and assigns, and forever discharge it of all liability for reserve percentage, claims or demands of whatsoever kind or nature arising upon said contract, or in any manner connected therewith or relating thereto, except for any demands we may have for interest on delayed payments as to said fifteen thousand dollars, and we do also hereby waive and release said Sanitary District of Chicago of any and all claims or demands of whatsoever kind or nature arising out of or by reason of said contract for the work upon said section 8, excepting only demands on account of interest, as aforesaid."

The board of trustees adopted the report and recommendation, thereby, in legal contemplation, ordering as recommended by the committee.

March 24, 1898, appellees made another demand for pay-

ment on James Reddick, the clerk, and offered to give him a receipt in the following form :

" We hereby acknowledge the receipt from the Sanitary District of Chicago of the sum of fifteen thousand dollars ($15,000), being the amount directed to be paid to us by the board of trustees of said sanitary district at its meeting held March 3, 1898.

Dated Chicago, March 24, 1898.

MASON, HOGE, KING & Co."

The clerk refused to pay unless appellees would execute a receipt as prescribed by order of the board March 16, 1898. Appellees took no further steps in the premises until the filing of the petition in question. The judgment of the court contains the following :

" It is considered and adjudged that a writ of mandamus do issue to said James Reddick, clerk of said Sanitary District of Chicago, and to said Sanitary District of Chicago, commanding said clerk to forthwith receive said receipt tendered by petitioners, March 24, 1898, and to deliver to petitioners said warrants for said sum of fifteen thousand ($15,000) dollars, or warrants for said sum in the usual form upon the treasurer of said sanitary district, and payable in cash, and commanding said Sanitary District of Chicago to again direct its said clerk to accept said last mentioned receipt from petitioners, and to make payment to them of said sum of fifteen thousand dollars ($15,000) dollars directed to be made by its order of said March 2, 1898."

The court also rendered judgment in favor of appellees and against the sanitary district for $168.68, as interest on $15,000 from March 14, 1898, to the date of the judgment.

F. W. C. HAYES and SEYMOUR JONES, attorneys for appellants.

Mandamus will not lie to compel the performance of an act by officers of a municipal corporation where such officers have discretion in the matter, but only where the parties applying for it show it to be the clear legal duty to perform the thing sought in the manner asked by the person or the body sought to be coerced. People ex rel. v. Klokke et al., 92 Ill. 134; County of St. Clair v. The People, 85 Ill. 396; Merrill on Mandamus, Sec. 69.

The clerk of a municipal corporation has no authority to issue a warrant upon the treasurer of his municipality under the order of the board governing such municipality after such order has been rescinded, no matter whether the order has been rightfully or wrongfully rescinded. The People ex rel. v. Klokke et al., 92 Ill. 134.

Mandamus does not lie to enforce contract rights of a private or personal nature nor is it the proper remedy to enforce the collection of debts. Bradbury v. Mutual Reserve Fund Life Asso., 53 N. J. Eq. 306; Bailey v. Oviatt, 46 Vt. 627; Parrott v. Bridgeport, 44 Conn. 180.

The court exercises a discretion in issuing writ of mandamus and if the right be doubtful it will be refused. People ex rel. v. Chas. A. Davis, 93 Ill. 133.

Pedrick & Dawson, attorneys for appellees.

Two rules in regard to the issuance of a writ of mandamus are well settled by all the authorities upon the subject.

1. The party applying for it must show a clear legal right to have the thing, which is asked, done.

2. It must be the clear legal duty of the party sought to be coerced to do the thing he is called upon to do. C. & A. R. R. Co. v. Suffern et al., 129 Ill. 281; The People v. Crabb, 156 Ill. 164.

The writ is no longer an extraordinary remedy in the sense in which it was formerly so considered, but should be issued where it will afford a proper and sufficient remedy. Starr & Curtis' Rev. Stat., Ch. 87, Sec. 9; People v. Village of Crotty, 93 Ill. 186; O. & M. Ry. Co. v. People, 121 Ill. 490.

It will issue to enforce duty of municipality toward creditors. It is a proper remedy to enforce a ministerial duty. Dillon, Mun. Corpns., II, Sec. 349; High on Extraordinary Remedies, Secs. 351, 356.

Mr. Justice Adams delivered the opinion of the court.

It is evident from the facts alleged in the petition that there was a disagreement between the sanitary district and

Reddick v. The People.

appellees as to the amount due to appellees, the sanitary district claiming that there was no interest due to appellees on account of deferred payments, and appellees claiming the contrary. Hence the order of March 2, 1898, is not an absolute order to pay to appellees the sum of $15,000, but a conditional order, the condition being that appellees "shall have filed with the district the proper receipts therefor and release in full of the district," etc. This was clearly an offer of compromise, which appellees refused to accept, and, in lieu thereof, offered by their letter of March 14, 1898, to give a receipt waiving and releasing all demands arising out of the contract, except for interest on delayed payments. The sanitary district, on receiving this letter, while still claiming that appellees were not entitled to any interest on deferred payments, passed the order of March 16, 1898, that the $15,000 should be paid to appellees only upon their filing with the clerk a receipt waiving and releasing all claims and demands arising out of the contract, excepting only demands for interest on account of delayed payments as to said $15,000. This was also a conditional order, made by way of compromise, and not accepted by appellees. No absolute, unconditional order has been passed by the board of trustees of the sanitary district for the payment to appellees of the amount involved. The clerk of the sanitary district is a mere ministerial officer, subject to the order of the board of trustees; he can only act in pursuance of the order of the board, and it is too plain to require argument that had he paid appellees without requiring them to execute a receipt and release to the district, as provided by the board of trustees, he would have violated his duty. Mandamus does not lie to compel an officer to violate his duty. People ex rel. v. Klokke, 92 Ill. 134.

The judgment impliedly admits that the clerk could not have legally paid appellees under the orders set forth in the petition, except on condition that appellees would execute a receipt and release as prescribed by the board of trustees, because the judgment assumes to command the sanitary district to order the clerk to pay $15,000 to appellees and

accept the receipt offered by them.    We are of opinion that the court exceeded its jurisdiction in commanding the sanitary district to make any order or direction in the premises. The sanitary district is a municipal corporation; the board of trustees are the corporate authorities of the district. The act under which they are organized provides: " Said board of trustees shall have full power to pass necessary ordinances, rules and regulations for the proper management and conduct of the business of said board of trustees and of said corporation, and for carrying into effect the objects for which such sanitary district is formed." The powers conferred clearly include the power of settling with contractors.    In the present case the board has determined, with probably more intimate knowledge of the subject-matter than the court possesses, that rather than leave any question of interest open, except the interest on $15,000, which it does not admit, it will leave appellees to their legal remedy, and we do not think the court can compel the contrary. We think the matter is one resting in the discretion of the board, and that the exercise of this discretion can not be controlled by the court.    Kelly v. Chicago, 62 Ill. 279; People ex rel., etc., v. McCormick, 106 Ib. 184; People ex rel., etc., v. Kent, 160 Ib. 655; Board of Com'rs v. The People, etc., 78 Ill. App. 586.

It is well settled that when it is the clear legal duty of municipal authorities, vested with discretion in the premises to act, they may be compelled by mandamus to act, but not to act in any particular way.    People ex rel., etc., v. McCormick, *supra;* People ex rel., etc., v. Dental Examiners, 110 Ill. 180; 14 Am. & Eng. Ency., p. 183, Sec. 9.

In the present case the court commands the sanitary district to pass an order directing the clerk to pay to appellees $15,000, upon their signing a receipt for that amount. This is equivalent to the court, and not the board, making the order, and we do not understand that the court may lawfully thus force specific action by the board.    It is also an admission that the orders heretofore made by the board do not constitute sufficient ground for the writ of mandamus,

because if they did, no further order would be necessary. The right to the writ must be clear; in a doubtful case it will be refused.  People, etc., v. Johnson, 100 Ill. 537.

The demurrer should have been sustained.  The judgment will be reversed.