[L. A. No. 1055.   In Bank.—March 25, 1902.]

In the Matter of the CITY OF REDONDO BEACH, a
Municipal Corporation, and WILLIAM USREY, Respondents, v. GEORGE CATE, City Treasurer of the
City of Redondo Beach, Appellant.

MUNICIPAL CORPORATIONS—BONDED INDEBTEDNESS—ACT OF MARCH 19,
1889.—The act of March 19, 1889, authorizing the incurring of a
bonded indebtedness by municipal corporations, limits the purposes
for which the indebtedness can be incurred to such purposes as
would justify the expenditure of the ordinary revenues of the city
derived from the taxes levied upon personal as well as real property.

ID.—OPENING AND GRADING STREETS.—The street law, commonly called
the Vrooman Act (Stats. 1885, p. 147, and its amendments), is a
general law, in force in cities of the sixth class, and under its provisions the cost of grading and opening streets must be assessed upon
the lots fronting on such streets, or upon the land of a defined district. In no event can it be made a charge upon the ordinary municipal revenues, and the act of March 19, 1889, does not authorize the
incurring of a bonded indebtedness therefor.

APPEAL from a judgment of the Superior Court of the
City and County of Los Angeles.   D. K. Trask, Judge.

The facts are stated in the opinion of the court.

James Burdett, for Appellant.

F. R. Willis, for Respondents.

BEATTY, C. J.—This is a proceeding by *mandamus* to
compel the city treasurer to sign certain improvement bonds
and coupons.   A peremptory writ was awarded upon the facts
alleged in the petition, the defendant having declined to
answer after his general demurrer was overruled.

It appears that in January, 1900, Redondo Beach was a
city of the sixth class; that its board of trustees, proceeding
under the act of March 19, 1889, authorizing the incurring of
indebtedness by municipal corporations (Stats. 1889, p. 399),
passed an ordinance declaring that the public interests and
necessity of the people of that city demanded that the follow-

ing named municipal improvements be constructed and pro-
cured, to wit:—

"The sidewalking, curbing, guttering, graveling, grading,
and sewering of Ocean View Avenue, La Alameda, Benita
Avenue, Emerald Street westerly from Chautauqua Avenue
to La Alameda; also, grading and graveling certain portions
of Camina Real, Chautauqua Avenue, Elena Avenue, Pearl
Street, and portions of Carnelian Street."

This was followed up by proceedings apparently regular in
all respects, eventuating in an ordinance authorizing and
directing the issuance of the bonds and coupons in question,
and making it the duty of appellant, as city treasurer, to sign
the same. His refusal to sign is based upon the ground, among
others, that neither the act of March 19, 1889, nor any other
act authorizes the issuance of municipal bonds or the incur-
ring of municipal indebtedness for the purpose specified in
the ordinance.

This, we think, was a valid objection and fully justified the
defendant in his refusal to sign. The trustees of a municipal
corporation have no power to issue the bonds of the corpora-
tion except in the cases and under the conditions prescribed
by law, and there is no warrant for the issuance of the bonds
here in question unless it can be found in the act of 1889
or its amendments. The first section of that act reads as
follows:—

"Any city, town, or municipal corporation, incorporated
under the laws of this state, may, as hereinafter provided,
incur indebtedness to pay the cost of any municipal improve-
ment, or for any purpose whatever requiring an expenditure
greater than the amount allowed for such improvement by
the annual tax levy."

This section, read by itself, indicates pretty clearly that the
indebtedness is only to be incurred for such purposes as would
justify the expenditure of the revenue derived from the taxes
levied upon personal as well as real property. But the section
does not stand alone. It expressly states that the indebted-
ness may only be incurred, *"as hereinafter provided,"* and
the following section contains a specific enumeration of objects
in furtherance of which a debt may be contracted, every one
of which is a proper charge upon the general revenues of the
city. This enumeration, it is true, is followed by the more

general expression, "or other municipal improvements," which is broad enough to include the grading and paving of streets and sidewalks, but this again is qualified by the clause which follows—"the cost of which will be too great to be paid out of the ordinary annual income and revenue of the municipality." The construction of the act, we think, is plain. It does not authorize the issuance of bonds (which must be paid out of the revenue derived from taxes upon real and personal property), unless the money raised upon the bonds is to be devoted to purposes justifying the expenditure of the ordinary revenues of the city. The question, then, and the only question, to be considered is this: Can the ordinary revenues of a city of the sixth class be expended for the grading and paving of its streets?

A general authority to lay out, open, repair, and improve streets and sidewalks is conferred upon the trustees of cities of the sixth class by subdivision 4 of section 862 of the General Municipal Incorporation Act (see amended act, Stats. 1897, p. 175), but the mode of exercising the power is prescribed by the Vrooman Act (Stats. 1885, p. 147) and its various amendments. This is a general law in force in cities of the sixth class, and under its provisions the cost of grading and opening streets must be assessed upon the lots fronting on such streets (Stats. 1891, sec. 7, subd. 1, p. 201), or upon the land of a defined district (Stats. 1891, sec. 7, subd. 12, p. 204). In no event can it be made a charge upon the ordinary revenues. *San Luis Obispo* v. *Haskin,* 91 Cal. 550, is not authority against this proposition. In that case the court was asked to decide but a single question, and if that was ruled in favor of the plaintiff, it was admitted that the writ should issue. Accordingly, that question alone was considered—a question wholly foreign to anything presented in this case. Respondent contends, however, that in a subsequent case (*Rice* v. *Board of Trustees,* 107 Cal. 398) this court held that there could be a valid issue of bonds for the construction of a sewer, and that the Vrooman Act makes the cost of a sewer, like that of the grading of a street, a charge upon the lands benefited. In answer to this argument, it would be sufficient to say that the question we are here considering, even if it had been involved in the Rice case, was not raised or considered or decided. But, in fact, the question was not presented by that

case, for the simple reason that under the Vrooman Act it is entirely within the discretion of the governing body of a city to make the cost of a sewer a charge upon the lands of an assessment district, or upon its ordinary revenue. (Stats. 1885, p. 162.) And the construction of sewers is one of the specially enumerated objects for which the act of 1889 authorizes the issuance of municipal bonds.

We cannot avoid the conclusion that the attempted issue of bonds in this case was invalid. .The judgment of the superior court is therefore reversed and the cause remanded, with directions to sustain the defendant's demurrer to the petition for the writ.

Harrison, J., Garoutte, J., Van Dyke, J., McFarland, J., and Henshaw, J., concurred.