L. E. ZANNINI & COMPANY, INC., Plaintiff-Appellant, v. JENKINS & BOLLER COMPANY, INC., Defendant-Appellee.

Second District   No. 2—86—0925

Opinion filed August 6, 1987.

Michael L. Shakman and Catherine H. McMahon, both of Miller, Shakman, Nathan & Hamilton, of Chicago, for appellant.

John R. Sloan, of Mundelein, and Hall, Holmberg, Roach, Johnston, Fisher & Lessman, of Waukegan, for appellee.

JUSTICE UNVERZAGT delivered the opinion of the court:

The facts of this case are thoroughly set out in our opinion in *L. E. Zannini & Co. v. Board of Education, Hawthorn School District 73* (1985), 138 Ill. App. 3d 467. We will therefore repeat only those necessary to a disposition of the single issue presented here.

L. E. Zannini & Co., Inc. (Zannini), a general building contractor and the plaintiff in this action, submitted a bid for a contract to con-

struct a new school for the board of education of Hawthorn School District 73 (the board). Plaintiff's bid was the lowest, but it included, in response to the board's request to do so, an alternate amount by which the bid could be reduced if the board removed the liquidated damages clause from the contract. The architect for the board interpreted plaintiff's alternate bid as an indication that it could not complete the project on time and had allocated that amount as liquidated damages it would incur when it finished construction late. For that reason, the board awarded the contract to the second lowest bidder, defendant Jenkins & Boller Co., Inc. (J&B), whose bid did not include an alternate amount. Plaintiff filed suit against the board on August 8, 1985, seeking declaratory and injunctive relief and specifically requesting that the board be directed to award the contract to Zannini. The suit was based on plaintiff's contention that the board had failed to adhere to section 10—20.21 of the School Code (Ill. Rev. Stat. 1983, ch. 122, par. 10—20.21), requiring contracts to be awarded to the "lowest responsible bidder." The trial court dismissed that complaint. This court reversed, finding that plaintiff had standing to bring suit against the board. (*L. E. Zannini & Co. v. Board of Education, Hawthorn School District 73* (1985), 138 Ill. App. 3d 467, 478.) In the meantime, on August 21, 1985, J&B commenced construction of the building. Plaintiff had sought preliminary injunctions to postpone the construction, pending a hearing on the merits, at the trial, appellate and supreme court levels, all of which motions were denied. By the time this court reached its decision on December 10, 1985, according to plaintiff, the construction had progressed to such an extent that it would no longer be practical or possible to substitute contractors. Plaintiff therefore filed a supplemental complaint and, finally, an amended supplemental complaint, seeking to recover lost profits from J&B under an unjust enrichment theory and to recover from the board the costs it incurred in submitting its bid. The trial court dismissed the unjust enrichment count directed against J&B (count I of the first amended supplemental complaint), and this appeal followed. Plaintiff's action against the board is still pending.

The only issue presented in this appeal is whether plaintiff's complaint properly states a cause of action against J&B for unjust enrichment. We conclude that it does not and affirm the trial court's dismissal of count I.

Zannini's first amended supplemental complaint alleges that J&B was unjustly enriched in that it earned profits in performing a contract which rightfully should have been awarded to Zannini. Notwithstanding plaintiff's assertions to the contrary, the complaint is devoid

of allegations that J&B acted wrongfully in acquiring the contract. The complaint does not allege that the architect gave information to J&B which it withheld from other bidders, or that J&B acted in collusion with the architect or board. Nor does it contend that J&B was not a responsible bidder. Rather, plaintiff alleges only that J&B included no alternate bid because it knew that the architect would draw a negative inference from its inclusion, which Zannini did not know.

■ We note initially that plaintiff's theory requires straining the principles of restitution by characterizing the expected award of a contract as recoverable property. (See *Paul Sardella Construction Co. v. Braintree Housing Authority* (1975), 3 Mass. App. 326, 335, 329 N.E.2d 762, 768.) Nevertheless, we agree with plaintiff that, as a general principle, the law of restitution permits recovery from an unjustly enriched party who has not acted wrongfully. (See *Appelman v. Appelman* (1980), 87 Ill. App. 3d 749, 755.) However, where plaintiff's property was wrongfully or mistakenly conveyed to the defendant by a third party, plaintiff's recovery is limited to the property conveyed and does not extend to the profits earned as a result of the innocent defendant's use of it. (See 1 G. Palmer, Restitution sec. 2.20, at 224-25 (1978).) Plaintiff's complaint describes just such a situation, which is distinguishable from the more common instance in which the defendant has innocently, but tortiously, converted plaintiff's property to its own use. (See Restatement of Restitution sec. 154, comment *a* (1937) (noting that even in such a case the innocent converter is often permitted to retain profits he has earned above the property's fair market value).) Plaintiff's complaint makes only the conclusory statement that J&B consistently acted "to prevent prompt resolution of the merits of Zannini's claim." The record discloses that J&B merely joined in the board's contention that Zannini was without standing to bring suit and resisted plaintiff's efforts to secure a preliminary injunction—clearly legal assertions of its rights, not tortious conduct. In addition, the conduct occurred only after J&B had been awarded the contract. We believe application of the rule prohibiting recovery of profits from a defendant who innocently received property from another is particularly appropriate where those profits resulted from extensive efforts by the defendant—here, the year-long construction of a school building.

■ We additionally find compelling defendant's argument that, once the board accepted its bid, it was obligated to enter into a construction contract with the board or forfeit its bid bond. We conclude, as did a Massachusetts Appeals Court dealing with the same issue (*Paul Sardella Construction Co. v. Braintree Housing Authority*

(1975), 3 Mass. App. 326, 329 N.E.2d 762), that it would be improper to place a successful bidder in the position of risking the forfeiture of its bid bond on the one hand or the loss of its profits on the other if it fails to independently and correctly evaluate whether the board properly awarded the contract to it rather than to the plaintiff. 3 Mass. App. 326, 335, 329 N.E.2d 762, 768; but see *Tectonics, Inc. v. Castle Construction Co.* (11th Cir. 1985), 753 F.2d 957, 963 (rejecting defendant's argument that permitting such suits would deter successful bidders from accepting government contracts where plaintiff asserted that defendant had affirmatively misrepresented its eligibility to bid).

Zannini argues that its inability to secure a preliminary injunction, and this court's ruling in *Beaver Glass & Mirror Co. v. Board of Education* (1978), 59 Ill. App. 3d 880, precluding unsuccessful low bidders from recovering money damages from a school district which has violated section 10—20.21, have left it without an effective remedy. Plaintiff's contention may well be true and we concede that it merits consideration. However, the inadequacy of plaintiff's remedies against the board are not relevant to this appeal, which properly concerns only the relative rights of J&B and Zannini. We affirm the trial court's action.

Affirmed.

REINHARD and DUNN, JJ., concur.