COURT STREET STEAK HOUSE, INC., Plaintiff-Appellant, v. TAZEWELL COUNTY, Defendant-Appellee.

Third District   No. 3—92—0865

Opinion filed June 25, 1993.—Modified on denial of rehearing August 31, 1993.

Gerald L. Hall, of Pekin, for appellant.

Erik I. Blanc, State's Attorney, of Pekin (Stewart J. Umholtz, Assistant State's Attorney, of counsel), for appellee.

JUSTICE BRESLIN delivered the opinion of the court:

The defendant, Tazewell County (County), advertised for competitive bid proposals for supplying food to prisoners in the Tazewell County jail. The plaintiff, Court Street Steak House, Inc., was the low bidder. The County Board (Board) awarded the food service contract to a second bidder. Thereafter, the plaintiff filed a petition for a writ of *mandamus* in the circuit court of Tazewell County seeking damages and an order compelling the County to award the project to the plaintiff. The trial court dismissed the plaintiff's complaint, finding that the Board's determination of "lowest responsible bidder" was the performance of an official act involving the exercise of judgment or discretion and therefore not subject to a *mandamus* action. The plaintiff appeals. We reverse.

The record shows that the plaintiff submitted a bid of $6.22 per day. The Tazewell County Resource Center (TCRC) submitted a bid of $6.29 per day. These were the only two bids on the project. The TCRC had provided food to the prisoners for the past seven years.

About 60% of the TCRC's food training program for handicapped persons was based on the prison food contract.

The County property committee initially voted to recommend to the Board that the plaintiff's bid be accepted. Thereafter, the Board rejected the plaintiff's bid. The property committee met again and this time voted to recommend that the TCRC's bid be accepted. The Board subsequently accepted the TCRC bid. An amendment to that resolution stated that the Board accepted TCRC's "low" bid because of its past performance.

The sole issue presented on appeal is whether the trial court erred in finding that the plaintiff could not maintain a *mandamus* action to compel the County to award it the contract.

Section 5—1022 of the Illinois Counties Code provides in relevant part that any purchase by a county for services in excess of $10,000 shall be contracted for "by a contract let to the lowest responsible bidder after advertising for bids in a newspaper published within the county." Ill. Rev. Stat. 1991, ch. 34, par. 5—1022.

The plaintiff argues that it was undisputably the low bidder on the project. It further argues that there was nothing in the record indicating that it was not a responsible bidder and therefore the board had no discretion other than to award the plaintiff the contract.

In response, the County argues that Illinois courts have repeatedly held that the factual determination of "lowest responsible bidder" is wholly within the discretion of the governmental body charged with reviewing the bids. (See *Kelly v. City of Chicago* (1871), 62 Ill. 279; *McGovern v. City of Chicago* (1917), 281 Ill. 264, 118 N.E. 3; *Board of County Commissioners v. People ex rel. Collins* (1898), 78 Ill. App. 586.) The County suggests that in the absence of fraud a reviewing court cannot interfere with the determination of the "lowest responsible bidder."

■■ We note that it is well settled that the award of a contract to a bidder involves the exercise of discretion on the part of the Board, which discretion will not normally be interfered with by the courts. (See *Kelly v. City of Chicago* (1871), 62 Ill. 279; *McGovern v. City of Chicago* (1917), 281 Ill. 264, 118 N.E. 3; *Board of County Commissioners v. People ex rel. Collins* (1898), 78 Ill. App. 586.) However, the Board's suggestion that the courts will only interfere where fraud or lack of jurisdiction is shown is mistaken. (See *Cardinal Glass Co. v. Board of Education of Mendota Community Consolidated School District No. 289* (1983), 113 Ill. App. 3d 442, 447 N.E.2d 546; *Kermeen v. City of Peoria* (1978), 65 Ill. App. 3d 969, 382 N.E.2d 1374.) This court has previously noted that a lack of fraud does not end the in-

quiry. If a discretionary power is exercised with manifest injustice or if a palpable abuse of discretion is clearly shown, *mandamus* will issue. (*Cardinal Glass Co. v. Board of Education of Mendota Community Consolidated School District No. 289* (1983), 113 Ill. App. 3d 442, 447 N.E.2d 546.) Moreover, the supreme court has noted that a public officer may be guilty of so gross an abuse of discretion or such an evasion of positive duty as to amount to a virtual refusal to perform the duty enjoined or to act at all in contemplation of law; in such a case, *mandamus* will issue. *Illinois State Board of Dental Examiners v. People ex rel. Cooper* (1887), 123 Ill. 227.

In *Cardinal Glass Co.*, the plaintiff brought a *mandamus* action against a school board to compel the award of a window replacing contract on a school district building, as the lowest responsible bidder on the project pursuant to section 10—20.21 of the Illinois School Code (Ill. Rev. Stat. 1981, ch. 122, par. 10—20.21). The plaintiff's complaint revealed that it was the low bidder and that the Board did not consider the plaintiff's responsibility but awarded the contract to another bidder to keep the money in the community. The court found that such action would indicate a clear favoritism, without adequate and sufficient justification, and would constitute arbitrary and capricious action and a clear violation of the statutory mandate.

■ In the instant case, the record contains some indication that the Board awarded TCRC the contract because it was concerned about TCRC's ability to survive if it were not awarded the contract. The Board also cited TCRC's past performance as a reason for awarding it the contract. However, the record contains nothing indicating that the plaintiff, as the low bidder, was not responsible. We are aware that compared to the statutory language involved in *Cardinal Glass Co.*, the statutory language in the instant case has significantly more criteria for the County to consider, *i.e.*, quality, conformity, suitability, and delivery terms, in determining the lowest responsible bidder. However, there is no indication from the record that the plaintiff was deficient in any of these areas as compared to TCRC. If, as the pleadings suggest, the plaintiff is able to establish itself as the low bidder and a responsible bidder based on the statutory criteria, it should be entitled to the contract.

Since, at this stage, it is impossible to award the contract to the plaintiff, we must address the issue of whether the plaintiff would be entitled to recover money damages should it prevail on remand.

In that regard, we note that the Appellate Court, Second District, has held that money damages are not available in such a case. (*Beaver Glass & Mirror Co. v. Board of Education of Rockford School Dis-*

*trict No. 205* (1978), 59 Ill. App. 3d 880, 376 N.E.2d 377.) The *Beaver Glass* holding was followed in *Hassett Storage Warehouse, Inc. v. Board of Election Commissioners* (1979), 69 Ill. App. 3d 972, 387 N.E.2d 785, and *Premier Electrical Construction Co. v. Board of Education* (1979), 70 Ill. App. 3d 866, 388 N.E.2d 1088. However, this court, in *Cardinal Glass Co. v. Board of Education of Mendota Community Consolidated School District No. 289* (1983), 113 Ill. App. 3d 442, 447 N.E.2d 546, criticized and declined to follow the reasoning in *Beaver Glass*.

The issue in *Beaver Glass* was whether the plaintiff was entitled to money damages in a *mandamus* action. The *Beaver Glass* court held that the plaintiff could not recover money damages because if such damages were awarded taxpayers would be forced to pay twice whenever a school board awarded a contract to someone who was not the lowest responsible bidder, once through the unjustified additional expenditure on the awarded contract and a second time paying the lost profits of the aggrieved low bidder. The court found that the statute was not designed to create a private remedy. The court also stated that money damages were generally not available in a *mandamus* action where the amount of the debt is unascertained.

In *Cardinal Glass* the issue was whether the low bidder even had standing to bring a *mandamus* action in light of the holding in *Beaver Glass* that the low bidder was not within the class the statute was designed to protect. In *Cardinal Glass*, the plaintiff did not seek money damages but rather brought a *mandamus* action seeking to compel the school district to award the plaintiff the contract. In declining to follow the reasoning of *Beaver Glass*, the *Cardinal Glass* court noted that the duty to award the contract to the lowest responsible bidder is owed both to the taxpaying public and to the bidders, who are made an integral part of the statutory scheme, and that the statutory measures directly benefit and protect the bidders themselves. The court further noted:

> "As a practical matter, securing compliance with the statute, and thereby the benefits to taxpayers, will be more effectively handled by unsuccessful bidders, who for the most part have a greater stake in such matters, and greater resources, than an individual taxpayer. In the long run, permitting such suits by bidders will work to advance the public interest behind the statute by securing the goal of tax savings. In an individual case, it may have the effect of causing additional expenditure by a board which has violated the statute [citation], but in a broader picture, giving standing to the bidders where the statute has

been violated will advance the object of the statute. We find that unsuccessful lowest responsible bidders are within the zone of protection afforded by [the statute], and where the Board violates the [statute] by awarding a contract to another bidder, the unsuccessful lowest responsible bidder has standing to challenge that action. *** We respectfully disagree with the decision in *Beaver Glass*. Cardinal has standing, as the alleged unsuccessful lower responsible bidder, to challenge a violation of the statute by the Board." *Cardinal Glass Co. v. Board of Education of Mendota Community Consolidated School District No. 289* (1983), 113 Ill. App. 3d 442, 447, 447 N.E.2d 546, 549.

■ We find that the same rationale for standing enunciated in *Cardinal Glass* applies to an award of money damages. Since the crux of the decision in *Beaver Glass* was based on reasoning which we later rejected, we decline to follow that case and hold that money damages are appropriate in these types of cases where the contract period has passed and it is impossible to award the contract to the low bidder. Precluding an unsuccessful low bidder from recovering money damages where the contract period has expired would leave the bidder without an effective remedy. (See *L.E. Zannini & Co. v. Jenkins & Boller Co.* (1987), 159 Ill. App. 3d 227, 512 N.E.2d 89.) Thus, we conclude that the plaintiff may recover money damages should the trial court find that the Board wrongly determined that TCRC was the lowest responsible bidder considering the statutory elements of quality, conformity, suitability and delivery terms.

For the foregoing reasons, the judgment of the circuit court of Tazewell County is reversed and the cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

LYTTON and BARRY, JJ., concur.