(No. 12320.—Judgment affirmed.)

THE PEOPLE ex rel. H. B. Peterson, County Collector, Appellee, vs. CHARLES A. OMEN, Appellant.

*Opinion filed October 27, 1919—Rehearing denied Dec. 3, 1919.*

1. SPECIAL TAXATION—*situation of property should be considered in determining whether work shall be embraced in one improvement.* The situation of the property against which special taxes are levied should be considered in determining whether the work ought to be embraced in a common scheme as one improvement or should be separated into different improvements.

2. SAME—*what discretion may be exercised by council in providing for local improvement.* In passing an ordinance to make local improvements the city council is clothed with discretion to determine what improvement is required, its character, the limits of the districts to be taxed, when the improvement shall be made, and the manner of its construction; and such discretion, when honestly exercised, is not reviewable by the courts.

3. SAME—*application for judgment for delinquent assessment is a collateral proceeding.* An application for judgment and order of sale is a proceeding collateral to the judgment of confirmation and also collateral to the judgment confirming the certificate of the board of local improvements of the final completion and acceptance of the work.

4. SAME—*want of jurisdiction must appear upon face of record in collateral proceeding.* In a collateral proceeding every presumption is in favor of the validity of the judgment attacked, and want of jurisdiction to enter a judgment in a proceeding for a local improvement must appear on the face of the record when relied on as a defense in a proceeding by the county collector for judgment and order of sale for delinquent assessments.

5. SAME—*question whether or not an improvement should have been divided cannot be raised in collateral proceeding.* The question whether, in a special taxation proceeding in which the county court had jurisdiction of the subject matter and the parties, an improvement should have been embraced in one common scheme or should have been divided cannot be raised in a collateral proceeding to collect delinquent assessments.

6. SAME—*section 84 of Local Improvement act is not unconstitutional in requiring only substantial compliance with ordinance.* Section 84 of the Local Improvement act, in requiring only a sub-

stantial compliance with an ordinance for a local improvement, does not deprive the property owner of due process of law, as a substantial compliance or performance means a compliance with the essential requirements of the ordinance.

7. SAME—*term "lowest responsible bidder" does not mean financial responsibility, alone.* The statutory requirement that contracts for public improvements shall be let to the lowest responsible bidder does not require the letting of a contract to the lowest bidder upon the ascertainment of his financial responsibility, only, but the term "responsible" includes the ability to respond by the discharge of the contractor's obligation under the terms of the contract.

8. SAME—*courts will not interfere with award of contract except for fraud.* Where municipal authorities have exercised their discretion in the award of a contract for a public improvement the presumption is that their action was regular and lawful, and the courts will not interfere, in the absence of fraud, with the exercise of official discretion by said authorities in awarding such contract.

9. SAME—*cities under commission form must follow Local Improvement act.* Except as otherwise provided, a city council acting under the Commission Form of Government act must follow the provisions of the Local Improvement act in making local improvements.

10. SAME—*objections to award of contract should be made at first opportunity.* The option to have the bid and contract for a local improvement rejected or declared invalid should be exercised at the earliest possible moment, and property owners who are interested and have knowledge of the facts should not be permitted to withhold their objections to the awarding of the contract until the collector's application for judgment and after they have secured the benefit of the contractor's work.

11. SAME—*fact that courts cannot review an award of contract does not render statute unconstitutional.* Construing the provisions of the Local Improvement act as allowing a final determination by municipal authorities of the question whether the contract for an improvement has been let to the lowest responsible bidder does not violate the provisions of the Federal constitution as to due process of law, as that question need not be heard by the courts, on review or otherwise.

12. CONSTITUTIONAL LAW—*a statute is not unconstitutional because it denies right of appeal.* A statute is not unconstitutional because it denies the right of appeal or writ of error to review the court's judgment in a statutory proceeding, as the legislature has the right to end such litigation in the trial court.

13. CONTRACTS—*what is meant by substantial performance of a contract.* Substantial performance of a contract means performance in all the essential elements necessary to the accomplishment of the purpose of the contract, as it is the substance, and not the form, that is sought in the enforcement of contracts, ordinances or agreements of similar nature.

14. WORDS AND PHRASES—*definition of word "substantial."* The word "substantial" means in substance, in the main, essential, or including material or essential elements.

15. FRAUD—*fraud must be specifically alleged.* As the courts will not assume fraud, there must be specific allegations setting out the facts upon which the claim of fraud rests and not merely the conclusions of the pleader.

16. PRACTICE—*a motion to strike admits only averments well pleaded.* A motion to strike objections or pleadings is, in effect, a demurrer, and admits only those averments that are well pleaded.

APPEAL from the County Court of Bureau county; the Hon. J. R. PRITCHARD, Judge, presiding.

JAMES J. CONWAY, for appellant.

JOSEF T. SKINNER, State's Attorney, (CAREY R. JOHNSON, City Attorney, of counsel,) for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

Appellant, Charles A. Omen, having failed to pay the first installment of the special taxes levied against his property under two special taxation proceedings brought by the city of Princeton, application was made by the treasurer of Bureau county to the June term, 1918, of the county court for judgment and order of sale against said property. The objections in the two proceedings were consolidated. The county court overruled the objections and gave judgment and order of sale against the property.

One of the two special taxation proceedings was for the paving of Euclid avenue, in said city; the other was for the paving of portions of Pleasant street, Boyd avenue and North street. There was also another special taxation

proceeding for the paving of West Peru street, in said city. These three improvements were made at the same time and by the same contractor, but appellant has no property affected by the West Peru street improvement. The estimated cost for paving Euclid avenue was $55,800, for paving Pleasant street, Boyd avenue and North street $56,695, and for paving West Peru street $27,505. The improvements for paving Euclid avenue and West Peru street were contiguous, but it appears that the other improvement was not contiguous to either of the two just named. The estimated cost of all of these three improvements amounted to approximately $140,000. The estimated cost of paving West Peru street added to the cost of either of the other improvements would not amount to $100,000, while the estimated cost of paving Euclid avenue added to that of Pleasant street, Boyd avenue and North street would be over $100,000.

Counsel for appellant challenges the right of the People to collect special taxes for the two improvements in which appellant is interested, because, he argues, both improvements constitute a single improvement, of which the estimated cost would be more than $100,000. He also argues that the ordinance was not published in accordance with the provisions of section 11 of the Local Improvement act. There is no evidence in the record as to how far apart these two improvements were. They may have been miles apart, so far as the record indicates. The situation of the property against which special taxes were levied should be considered in determining whether such work ought to be embraced in a common scheme as one improvement or should be divided and separated into different improvements. (*City of Springfield* v: *Green,* 120 Ill. 269.) The limits of the districts to be taxed for local improvements rest in the discretion of the city council, and the courts will interfere only to correct a clear abuse of that discretion. (*Davis* v. *City of Litchfield,* 145 Ill. 313.)

In passing an ordinance to make local improvements the city council is clothed with discretion to determine what improvement is required, its nature and character, when it shall be made and the manner of its construction. Such discretion, when honestly exercised, is not reviewable by the courts. (*Ton* v. *City of Chicago,* 216 Ill. 331.) The county court could have determined at the time of the confirmation in these special tax proceedings, had the question been raised, that there had been an abuse of discretion in this regard, if such there was. In an application for judgment and order of sale the objection here made is a collateral attack upon the judgment of confirmation and also a collateral attack on the judgment confirming the certificate of the board of local improvements of the final completion and acceptance of the work. In a collateral proceeding every presumption is in favor of the validity of the judgment attacked, and want of jurisdiction to enter such judgment must appear on the face of the record when relied on as a defense in a proceeding in the county court for judgment and order of sale for delinquent assessments. (*People* v. *Culver,* 281 Ill. 401.) There is no proof in this record as to these two improvements being of such a nature that they ought to be made a part of one improvement, and it will not be presumed, without proof, that the municipal authorities had improper motives in separating the improvements into two improvements, for the purpose of avoiding section 11 of the Local Improvement act or for any other reason. Furthermore, there can be no question that the county court, in the original confirmation proceedings, had jurisdiction of the persons and subject matter of the proceedings, and therefore the question here sought to be raised cannot be raised in a collateral attack. (*Miller* v. *Rowan,* 251 Ill. 344; *People* v. *Talmadge,* 194 id. 67; *People* v. *Seelye,* 146 id. 189; *People* v. *Culver, supra.*) This being so, it is immaterial, on this point, whether section 84 of the Local Improvement act, which provides for the hearing by the

county court as to whether the work has been completed in
substantial compliance with the contract, is unconstitutional,
as urged by counsel for appellant. The principal argument
of counsel seems to be directed against the constitutionality
of this act because of the action of the municipal authori-
ties in separating these improvements, but as he argued on
some other grounds the unconstitutionality of section 84 we
deem it necessary to discuss that question also.

Under section 84 it is provided that within thirty days
after the final completion and acceptance of the work by the
municipal authorities the board shall cause the cost thereof,
and other details, to be certified in writing to the court in
which the assessment was confirmed. That section requires
that it shall be the duty of the municipal authorities "to
state in said certificate whether or not the said improvement
conforms substantially to the requirements of the original
ordinance for the construction of the improvement, and to
make an application to said court to consider and determine
whether or not the facts stated in said certificate are true,"
(Hurd's Stat. 1917, p. 515,) and thereupon the court to
which said application has been made shall fix a time and
place for hearing, and after giving due notice shall proceed
to hear any objections that may be made to the application
of municipal authorities to approve such certificate; that
the certificate shall be *prima facie* evidence that the matters
and things stated therein are true, and that if any part of
the same is controverted by objections the court in a sum-
mary manner shall hear and determine the same and enter
an order according to the facts; that such order shall be
conclusive upon the parties, no appeal therefrom or writ of
error thereto being allowed to review the same. This court
held this statute constitutional in *People* v. *Cohen,* 219 Ill.
200, and that holding has been, in effect, approved by this
court in *Martin* v. *McCall,* 247 Ill. 484, *Village of Niles
Center* v. *Schmitz,* 261 id. 467, and *Nitsche* v. *City of Chi-
cago,* 280 id. 268.

Counsel for appellant seems to argue that section 84 is unconstitutional because it denies the right of appeal or review of the court's judgment on writ of error. A statute is not unconstitutional on such ground. (12 Corpus Juris, 1293.) Litigation must end somewhere, and the legislature has the right to end it in the trial court, in a matter of this kind, if it sees fit. The constitutionality of the statute on this point was squarely decided in *People* v. *Cohen, supra,* and, by inference at least, in the other cases already referred to.

The real argument of counsel for the appellant as to the unconstitutionality of this statute is that section 84 only provides that the ordinance is to be "substantially performed;" that in order to be constitutional it should have been provided that the ordinance was to be literally or entirely performed or complied with; that the word "substantial" means that the ordinance need only be complied with according to the particular idea of the man who at that time may be sitting as judge; that to hold this provision of said section constitutional is to deprive the property owner of due process of law as that term should be understood in the State and Federal constitutions and as the fourteenth amendment as to due process of law has been construed by the Federal Supreme Court. We cannot agree with the argument or conclusion of counsel for appellant on this question. A substantial compliance or performance means a compliance with the essential requirements of an ordinance. (*Fitzgibbons* v. *Galveston Electric Co.* 136 S. W. Rep. 1186.) Substantial performance of a contract means performance in all the essential elements necessary to the accomplishment of the purpose of the contract. (*Manning* v. *School District,* 124 Wis. 84.) "Substantial" means in substance; in the main; essential, including material or essential parts. (See authorities cited in 4 Words and Phrases,—2d series,—pp. 750, 751.) It has been said by this court that "in building contracts a literal compli-

290—5

ance with the specifications is not necessary to a recovery by the contractor. A substantial performance in good faith is sufficient." (*Keeler* v. *Herr*, 157 Ill. 57; *Evans* v. *Howell*, 211 id. 85; *Concord Apartment House Co.* v. *O'Brien*, 228 id. 360.) This court, in discussing in *Planing Mill Lumber Co.* v. *City of Chicago*, 56 Ill. 304, the form of the common law record in the trial court, said (p. 305): "So long as justice is administered under the common law we must adhere to all the substantial forms of that system, except so far as they have been abolished by the legislative department of the State." It is the substance, and not the form, that is sought in the enforcement of contracts, ordinances or agreements of similar nature.

Counsel for appellant relies strongly upon the reasoning in *Chicago, Burlington and Quincy Railroad Co.* v. *City of Chicago*, 166 U. S. 266, among other decisions, to show that due process of law cannot be observed in a statute worded as is section 84 on the question of substantial compliance with the provisions of the ordinance. In the opinion in that case the court says (p. 235): "In determining what is due process of law regard must be had to substance,— not to form." To require an ordinance to be literally complied with, as argued by counsel for appellant, might often defeat some of the essential requirements of the ordinance. The present wording of the statute with reference to substantial compliance with the provisions of the ordinance is far more reasonable and just to all parties interested than would be a statute requiring a literal compliance. That would be giving more weight to form than to substance. The statute in this respect is constitutional.

Counsel for appellant further objects because the trial court struck from the files certain objections filed by appellant, particularly one in which it was stated that "the contract for the construction of the improvement herein was not let to the lowest responsible bidder, as provided by statute." No evidence was offered by appellant in the trial

court in support of these objections, and it is now argued
that under the holdings of this court in *People* v. *Conway*,
253 Ill. 140, and *City of Mt. Carmel* v. *Risley*, 263 id. 299,
it must be assumed that the contract was not let to the low-
est responsible bidder. It has been repeatedly held by this
court that the statutory requirement that contracts for pub-
lic improvements shall be let to the lowest responsible bid-
der does not require the letting of a contract to the lowest
bidder upon the ascertainment of his financial responsibility,
only; that the term "responsible" includes the ability to re-
spond by the discharge of the contractor's obligation in ac-
cordance with what may be expected or demanded under
the terms of the contract, and that when the municipal au-
thorities have exercised their discretion in the award of a
contract for a public improvement the presumption obtains
that the action of such authorities was regular and lawful,
and the courts will not interfere, in the absence of fraud,
with the exercise of official discretion by the municipal au-
thorities in awarding such contract. (*Hallett* v. *City of El-
gin*, 254 Ill. 343, and cases cited.) It is stipulated in the
record that the city of Princeton was organized in 1913
under the Commission Form of Government act and still
is under that act, hence a contract for a local improvement
in said city must be awarded by the city council, and under
section 54 of that act, before any award is made, the bids
are required to "remain on file in the mayor's office and
be open to public inspection for at least forty-eight hours
before any award of said work is made to any competitive
bidder. The council shall determine the most advantage-
ous bid for the city, and shall enter into contract with the
party submitting the lowest secure bid." (Hurd's Stat.
1917, p. 369.) Except as otherwise provided, local im-
provements put in by the city council acting under the
Commission Form of Government act must follow the pro-
visions of the Local Improvement act. Section 78 of that
act provides that "any owner or person interested in any

of the property assessed, and any bidder shall be entitled
to a hearing before said board on any question connected
with any such award." Section 79 of the same act provides
that a notice of award shall be published in a daily news-
paper for two days. The option to have the bid and con-
tract rejected or declared invalid should be exercised at the
earliest possible moment. Those interested should not be
permitted to withhold their objections until they have se-
cured the benefit of the contractor's work and then ask to
be relieved from liability to pay therefor. In the case at
bar appellant made no offer to prove any facts on this ques-
tion. There is no showing or offer tending to show that
the contractor obtained the work at an unfair price, or that
the amount to be paid was more than the fair contract
price, or as to the time when appellant received his knowl-
edge of the fact that the contract was not awarded to the
lowest responsible bidder or that the successful bidder was
not the lowest responsible bidder. The appellant property
owner had several opportunities to raise the question that
the work was not let to the lowest responsible bidder. He
could have appeared before the city council and raised his
objection, as the bids were required to be placed on file in
the mayor's office for at least forty-eight hours before any
award was made, or he could have had his hearing under
the provisions of section 78 of the Local Improvement law.
This court in *Givins* v. *People,* 194 Ill. 150, held that a
property owner cannot stand by, with knowledge of facts
justifying the repudiation of a contract for a local improve-
ment, until he has secured the benefit of the work, and then
escape all liability to pay therefor by raising objections on
application for judgment of sale; that the bid and contract
are not void but voidable, if objections such as are here
urged by counsel have any basis upon which to rest.

Counsel for appellant concedes that the above decision,
in effect, so holds, but insists that it has been modified by
some of the later decisions, and if not modified it ought

to be overruled. The real argument seems to be that in order to have due process of law the statute must provide for a hearing, in a matter of this kind, ultimately before a court rather than before a board of local improvements or the city council; that the legislature of any State cannot make a hearing of this kind before such a municipal body "due process of law" by so declaring. (*Davidson* v. *New Orleans,* 96 U. S. 97; *Chicago, Burlington and Quincy Railroad Co.* v. *City of Chicago, supra.*) But those cases do not go to the length of holding, as argued by counsel for appellant, that such a hearing cannot be held due process of law unless an opportunity can be had in the courts to review the findings of municipal bodies on matters such as are here involved. The real grievance of counsel seems to be that his client did not have his case decided right; that the work was not done in compliance with the ordinance and was not a workmanlike job. In discussing due process of law the court said in *Davidson* v. *New Orleans, supra,* on page 104: "There is here abundant evidence that there exists some strange misconception of the scope of this provision as found in the fourteenth amendment. In fact, it would seem from the character of many of the cases before us and the arguments made in them that the clause under consideration is looked upon as a means of bringing to the test of the decision of this court the abstract opinions of every unsuccessful litigant in a State court of the justice of the decision against him and of the merits of the legislation on which such a decision may be founded." This statement applies to the reasoning and argument of counsel for appellant in this case. He seems to feel that he has been treated unjustly, and therefore makes the argument that if the provisions of the statute do not permit a remedy in the courts that then the rule as to due process of law has not been observed in this special tax proceeding. In a tax proceeding under consideration in *Fallbrook Irrigation District* v. *Bradley,* 164 U. S. 112, the court said (p. 168): "Due

process of law is not violated, and the equal protection of the laws is given, when the ordinary course is pursued in such proceedings for the assessment and collection of taxes that has been customarily followed in the State, and where the party who may subsequently be charged in his property has had a hearing, or an opportunity for one, provided by the statute." Again, in *Spring Valley Water Works* v. *Schottler*, 110 U. S. 347, the court said (p. 354): "Like every other tribunal established by the legislature for such a purpose, their duties are judicial in their nature, and they are bound in morals and in law to exercise an honest judgment as to all matters submitted for their official determination. It is not to be presumed that they will act otherwise than according to this rule." The doctrine in both of these cases on both of these points was quoted with approval by the United States Supreme Court in *Hibben* v. *Smith*, 191 U. S. 310, the court also saying in this last case, (p. 322,) that "whether a review is or is not given upon any of these questions of fact * * * was a mere question of legislative discretion as long as the tribunal created by the State had power to decide them and the opportunity for a hearing was given by the act, and that it was not constitutionally necessary in such case to give a rehearing or an appeal." (See, also, Black's Const. Law,—3d ed.—580.) It seems clear from the reasoning in these decisions of the Federal Supreme Court that the provision of the Federal constitution as to due process of law has not been violated by this statute, even if it is to be construed as only providing for review before the municipal authorities of the question whether the contract has been let to the lowest responsible bidder, and that this question need not be heard, on review or otherwise, by the courts.

We cannot agree with counsel for appellant that the striking of his objections from the files had the effect of admitting that the contract had not been let to the lowest responsible bidder, so that it was not necessary to offer

evidence on that question. The decisions relied on do not
so hold. The first case, *People* v. *Conway, supra,* states
(p. 144) : "Striking the objections from the files and re-
fusing to hear evidence in support of them amounted to
holding that the facts stated constituted no legal objection
to the application for judgment." In that case counsel at-
tempted to offer evidence in support of the objection and
the court refused to hear it. No such offer was made
here. As already stated, the lowest responsible bidder, or,
as worded in the Commission Form of Government act,
"the lowest secure bid," does not mean the lowest bidder
financially, only. It means more than that. It means that
the bidder is, by experience and otherwise, capable of do-
ing the work in a satisfactory manner. The courts will not
interfere with the sound discretion of the municipal au-
thorities in a matter of this kind unless on the ground of
fraud, and it is clear, under the authorities, that the courts
will not assume fraud. There must be specific allegations
setting out the facts upon which the claim of fraud rests,
and not merely the conclusions of the pleader. (*State* v.
*Illinois Central Railroad Co.* 246 Ill. 188, and authorities
cited ; *Wandschneider* v. *Wandschneider,* 282 id. 286.) The
objections stricken did not state, directly or by inference,
anything in regard to fraud. Motions to strike have been
held, in effect, to be demurrers, and therefore a motion to
strike out portions of pleadings admits only those aver-
ments contained in those portions that are well pleaded.
(20 Ency. of Pl. & Pr. 990, 991.) It is obvious that the
motion to strike the objection that the work had not been
let to the lowest responsible bidder did not admit, under the
objection as worded, that such objection included allega-
tions of fraud necessary to be included before the courts
can interfere on the ground that the contract has not been
let to the lowest responsible bidder. We do not see how
appellant, on this record, can take advantage of this point,
because it is clear that he did not charge fraud in his ob-

jections, and it cannot fairly be held that the motion to strike these objections from the files, worded as they were, admitted that fraud had been committed in not letting the contract to the lowest responsible bidder.

We have considered at some length the principal questions raised and relied on by counsel for appellant. Any other questions that are raised in the briefs we do not deem of sufficient importance to discuss in detail, as we find no error as to any of them.

The judgment of the county court will be affirmed.

*Judgment affirmed.*