ARTHUR WEIL & CO., Plaintiff-Appellee, *v.* THE BOARD OF EDUCATION OF THE CITY OF CHICAGO *et al.*, Defendants-Appellants.

First District (5th Division)   No. 76-162

Opinion filed June 3, 1977.

Michael J. Murray, of Chicago (Richard E. Girard and Edward C. Peterson, of counsel), for appellants.

James H. Canel, of Chicago, for appellee.

Mr. JUSTICE WILSON delivered the opinion of the court:

Following a hearing without a jury on plaintiff's petition for a writ of mandamus, an order was entered compelling defendant, the Board of Education of the City of Chicago (hereinafter "Board") to reinstate

plaintiff as a competitive bidder on the Yates Elementary School plumbing contract and to award that contract to plaintiff. The only issue raised by defendants-appellants on appeal is whether the court erred in issuing the writ of mandamus. We reverse.

On August 23, 1972, the Board, pursuant to its statutory rulemaking power (Ill. Rev. Stat. 1975, ch. 122, par. 34—19), established the requirement that contractors bidding on Board contracts submit with their bid an acceptable written affirmative action program (hereinafter "acceptable program") and adopted the policy of making the award of contracts contingent upon a finding that the successful bidder had an acceptable program. On April 25, 1973, the Board again exercised this power and adopted Equal Employment Opportunity Guidelines (hereinafter "Guidelines") which set forth the required contents of an acceptable program. Sometime thereafter plaintiff, a plumbing contractor, submitted a sealed bid for the plumbing work to be performed at Yates Elementary School. Accompanying the bid was an "Affirmative Action Pre-Award Survey" (hereinafter "Survey") which the Board had sent to prospective bidders and in which plaintiff had provided information concerning its affirmative action program (hereinafter "program"). Included in the Survey was an "Employment Practices Report" form; an "Affirmative Action Plan" form; a "Certification As To Equal Employment Opportunity"; and a "Certification of Nonsegregated Facilities." On the Survey's first page the Board stated that a condition precedent to consideration and/or acceptance of any bid was the submission of a written program with the bid which demonstrated the bidder's compliance with Board policy and Federal, State and local laws requiring equal employment opportunity in all aspects of employment, and stated that a condition precedent to consideration of any bid was the submission of a program which included the Employment Practices Report. The bids for the plumbing work at Yates Elementary School were opened on October 29, 1975, and plaintiff was thereafter advised that it was the low monetary bidder. However, after reviewing plaintiff's Survey, Louis J. Barnes, the Board's Director of Equal Employment Opportunity (hereinafter "Director"), decided that plaintiff's program was unacceptable. At plaintiff's request, a meeting with the Director was held on November 18, 1975. At this meeting, plaintiff explained that a minority plastering subcontractor had been employed in the past to assist plaintiff in completing its work, and stated that this subcontractor would again be employed to assist in completion of the Yates School work if plaintiff was awarded the Yates plumbing contract. Plaintiff requested the Director's permission to amend its Survey so as to have it reflect the employment of a minority plastering subcontractor. The Director denied the request. Thereafter plaintiff petitioned for a temporary

restraining order preventing the Board from awarding the Yates contract to the next lowest bidder and mandamus relief compelling defendants to permit amendment of plaintiff's program information, to find its program acceptable, to reinstate it as a competitive bidder and to award it the Yates contract. The hearing on plaintiff's petition was held on December 2, 1975. No testimony was taken at the hearing and after argument of counsel appearing on behalf of the parties, the court entered the order reinstating plaintiff as a competitive bidder and awarding it the Yates plumbing contract. This appeal followed.

OPINION

Defendants contend that plaintiff's program was a part of plaintiff's bid; that plaintiff knew of and understood the Guidelines' acceptable program requirements; that plaintiff's program did not satisfy these requirements; and that plaintiff's bid was therefore unresponsive. Defendants point out that they are required by statute to utilize the competitive bidding process in awarding the contract in question and to award this contract to the "lowest responsible bidder" of those participating in the competitive bidding for the contract. (Ill. Rev. Stat. 1975, ch. 122, pars. 10—20.21 and 34—21.3.) They urge that this statutory provision vests in them the discretionary power to determine whether the bids submitted for this contract are responsive and to accept or reject these bids. They submit that they properly exercised this discretionary power in rejecting plaintiff's bid and that the trial court improperly substituted its judgment for theirs in ordering them to award the contract to plaintiff. They add that plaintiff did not allege fraud in connection with rejection of its bid; that plaintiff completely failed to show they had any clear legal duty to award the contract to plaintiff; and that the court expressly recognized that there was no statutory duty to award the contract to plaintiff; therefore the court erred in issuing a writ of mandamus ordering them to award the contract to plaintiff.

■■ As a general rule, mandamus will lie in Illinois to compel performance of a ministerial act if the relator proves that he has a clear legal right to its performance and proves that the defendant has a clear legal obligation or duty to perform the nondiscretionary act. (See, *e.g.*, *People ex rel. Atchison, Topeka & Santa Fe Ry. Co. v. Clark* (1957), 12 Ill. 2d 515, 519, 147 N.E.2d 89; *People ex rel. Pignatelli v. Ward* (1949), 404 Ill. 240, 243-44, 88 N.E.2d 461; *People ex rel. Sanitary District v. Schlaeger* (1945), 391 Ill. 314, 331-32, 63 N.E.2d 382; *People ex rel. Rude v. County of La Salle* (1941), 378 Ill. 578, 580-81, 39 N.E.2d 25; *People ex rel. Traders' Ins. Co. v. VanCleave* (1899), 183 Ill. 330, 55 N.E. 698; *People ex rel. Rappaport v. Drazek* (1975), 30 Ill. App. 3d 310, 332 N.E.2d 532.) The obverse of this rule is the general rule that mandamus will not lie in Illinois

to compel the exercise of discretion or to compel the exercise of discretion in a particular manner. See, *e.g., People ex rel. Atchison, Topeka & Santa Fe Ry. Co. v. Clark*, 12 Ill. 2d 515, 520-22; *VanDorn v. Anderson* (1905), 219 Ill. 32, 36, 76 N.E. 53; *People ex rel. Traders' Ins. Co. v. VanCleave,* 183 Ill. 330, 332-33; *People ex rel. Rappaport v. Drazek*.

Plaintiff does not expressly contend that defendants have violated their clear statutory duty to award the contract in question to the "lowest responsible bidder" by not awarding the contract to plaintiff. (See generally *People ex rel. Peterson v. Omen* (1919), 290 Ill. 59, 71, 124 N.E. 860; *Hanson v. Mosser* (1967), 247 Ore. 1, 9, 427 P.2d 97; Ill. Rev. Stat. 1975, ch. 122, pars. 10—20.21 and 34—19.) Instead, plaintiff advances an abuse of discretion theory as support for its position that the court below did not err in issuing the writ of mandamus. Plaintiff contends that the Board engaged in an unreasonable exercise of its statutory rulemaking power and abused its discretion by making the particular acceptable program requirements which plaintiff did not satisfy applicable to small contractors such as plaintiff and to small projects such as the plumbing work at the Yates School. Plaintiff also contends that it complied with all of the Board's acceptable program requirements and that the Director abused his discretion in rejecting plaintiff's bid. Plaintiff argues that mandamus is a proper remedy to compel a just exercise of a discretionary power where it has been exercised unreasonably or arbitrarily and so abused as to produce manifest injustice. In support of this argument plaintiff cites: *Illinois State Board of Dental Examiners v. People ex rel. Cooper* (1887), 123 Ill. 227, 13 N.E. 201; *People ex rel. Shell Oil Co. v. City of Chicago* (1972), 9 Ill. App. 3d 242, 292 N.E.2d 84; *People ex rel. Collins v. Young* (1967), 83 Ill. App. 2d 312, 227 N.E.2d 524; and *Bransfield Co. v. Kingery* (1936), 283 Ill. App. 405.

Plaintiff does not challenge defendants' contention that plaintiff's program was a part of its bid. Nor does plaintiff contend that fraud was involved in the rejection of its bid. Furthermore, plaintiff does not expressly allege a lack of knowledge or understanding of the particular acceptable program requirements which defendants maintain plaintiff's program did not satisfy. Contrary to its contention, the record discloses that plaintiff's program did not satisfy all of the Board's acceptable program requirements. Also, the record discloses no unreasonable or arbitrary exercise of statutory rulemaking power in making the acceptable program requirements plaintiff did not satisfy applicable to small contractors and small projects. Under these circumstances we find no abuse of discretion and, as a result, we are not persuaded by plaintiff's argument.

■■■ Even if we hypothesized an abuse of discretion, however, we would not necessarily be persuaded that the court below did not err in

issuing the writ of mandamus. Plaintiff appears to advance an exception to the general rules of mandamus law which makes the finding of an abuse of discretion causing manifest injustice the only necessary condition for mandamus relief. After a close reading of the cases cited by plaintiff, we have concluded that they involved more than simply a finding of such an abuse of discretion. For example, in *Illinois State Board of Dental Examiners*, the court found that a ministerial duty had not been performed and concluded that its performance could be enforced by mandamus. In *Bransfield Co. v. Kingery*, the court upheld the issuance of a writ of mandamus after finding that respondents had ignored a presumption of law and that their refusal to award certain highway paving contracts was therefore an unfair, unjust and arbitrary exercise of discretionary power. In *People ex rel. Collins v. Young*, the court found that the trial court had defined school district boundaries in the only legal manner in which they could be fixed under applicable law and upheld the lower court's action. In *People ex rel. Shell Oil Co. v. City of Chicago*, the court was faced with a refusal to issue driveway permits for what appeared to be reasons other than those authorized by the applicable ordinance as bases for such a refusal. The court acknowledged that the extraordinary writ of mandamus must be predicated on the clear right of the petitioner to the relief requested and concluded that respondents had arbitrarily abused their discretion in failing to issue the permits in question. In our opinion, these cases do not stand for the proposition that mandamus will lie to compel the exercise of a discretionary power in a particular manner in the absence of proof of some legal right to the relief requested and in the absence of proof of some legal duty to grant such relief, *i.e.*, merely upon a court's conclusion that discretion has been exercised unreasonably or arbitrarily and so abused as to produce manifest injustice. In addition, after extensive independent research we have concluded that Illinois courts have not heretofore adopted such a rule in other mandamus cases. Moreover, if we were to carve an exception in the general rules of mandamus law which made an abuse of discretion the only necessary condition for mandamus relief, we would be creating an exception which would soon displace these general rules and cause them to fall into desuetude. We are not prepared to take such a step. Thus, a showing of an abuse of discretion is not by itself the only necessary condition for mandamus relief; at the very least, a clear legal right and a clear legal duty must also be established before mandamus will lie. In the record before us we find no proof that defendants were under a clear legal duty to award the contract in question to plaintiff and no proof that plaintiff had a clear legal right to receive this contract.

■■■ For the foregoing reasons we hold that the trial court erred in issuing the writ of mandamus. Because of our holding, we find it

unnecessary to consider defendants' other contentions. The only other issue plaintiff presents is whether the Board's failure to define the Guidelines' "good faith effort" requirement, which plaintiff contends no bidder can understand, renders the Board's acceptable program requirements unconstitutionally vague and incomplete. We do not find a factual basis for a determination concerning this point in the record before us and therefore we will not consider it. (See *Kravis v. Smith Marine Inc.* (1975), 60 Ill. 2d 141, 147, 324 N.E.2d 417; *Shaw v. Lorenz* (1969), 42 Ill. 2d 246, 248, 246 N.E.2d 285; *In re Estate of Leichtenberg* (1956), 7 Ill. 2d 545, 549, 131 N.E.2d 487.) Accordingly, the judgment of the Circuit Court of Cook County is reversed.

Reversed.

LORENZ and MEJDA, JJ., concur.