CARDINAL GLASS COMPANY, Plaintiff-Appellant, *v.* BOARD OF EDU-CATION OF MENDOTA COMMUNITY CONSOLIDATED SCHOOL DIS-TRICT NO. 289, Defendant-Appellee.

Third District   Nos. 82—427, 82—406 cons.

Opinion filed March 22, 1983.

Robert E. Roman, Jr., of DeBruyne & Roman, P.C., of Rockford, for appellant.

Bennet Rodick and Jerome N. Robbins, both of Robbins, Schwartz, Nicholas, Lifton & Taylor, Ltd., of Chicago, for appellee.

JUSTICE ALLOY delivered the opinion of the court:

Plaintiff Cardinal Glass Company (hereinafter Cardinal) appeals from the order of the circuit court of La Salle County, granting defendant Board of Education of Mendota Community Consolidated School District No. 289 (hereinafter Board) judgment on the pleadings in Cardinal's *mandamus* action against the Board. Plaintiff Cardinal, through the *mandamus* action, sought to compel the Board to award it the window replacement contract on a school district building, as the lowest responsible bidder on the project pursuant to section 10–20.21 of the Illinois School Code (Ill. Rev. Stat. 1981, ch. 122, par. 10–20.21). The trial court entered judgment on the pleadings in favor of the Board. Prior to that action, it had denied Cardinal's motion for a preliminary injunction to prevent the Board's awarding the contract to another bidder. From the denial of the motion for preliminary injunctive relief and from entry of judgment against it on the pleadings,

Cardinal appeals.

■ A motion for judgment on the pleadings (Ill. Rev. Stat. 1981, ch. 110, par. 45(5), now Ill. Rev. Stat. 1981, ch. 110, par. 2—615(e)) attacks, as a matter of law, the sufficiency of plaintiff's complaint to state a cause of action. *Abrams v. Illinois College of Podiatric Medicine* (1979), 77 Ill. App. 3d 471, 475, 395 N.E.2d 1061.

> "The motion is not concerned with whether there is evidence to support the allegations in the complaint [citation], and it does not envision a review of material beyond the face of the pleadings themselves [citation]. Rather, the sole issue raised by the motion for judgment on the pleadings is whether plaintiff's complaint, when read in light of the defendant's answer [citation], raises a material question of fact as to the existence of a cause of action. For purposes of resolving this issue, we must accept as true the well-pleaded facts in the complaint [citation], together with all reasonable inferences to be drawn therefrom [citation]." (77 Ill. App. 3d 471, 475-76.)

The pertinent facts, as pleaded in Cardinal's complaint, indicate that Cardinal and another contractor, Dick's Contracting, had submitted sealed bids for a window replacement contract as advertised by the Board. Cardinal's bid was lower than Dick's, and both were in excess of the $5,000 statutory minimum. The complaint also contained an allegation that Cardinal was a responsible bidder and had complied with all the requirements set forth by the Board concerning the submission of a bid on the project. Cardinal also set forth in its complaint the Board's statutory duty, under section 10—20.21 of the School Code (Ill. Rev. Stat. 1981, ch. 122, par. 10—20.21), to award the contract for the window work to the "lowest responsible bidder." It is alleged that the Board refused to award Cardinal the contract, and instead awarded it to Dick's Contracting, which had submitted a higher bid. By way of amendment to the complaint, Cardinal alleged that the Board had indicated to it, at the meeting to award the contract, that the only reason for awarding the contract to Dick's was that Dick's was a local contractor, and the Board wished to keep the money in the community. Cardinal alleges that this decision is an arbitrary and capricious exercise of the Board's discretion, and contrary to the law. Cardinal alleged injury, from a loss of profits, and prayed for a writ of *mandamus* commanding the Board to award the contract to it.

Cardinal also moved for preliminary injunctive relief, to prevent the Board from awarding the contract to Dick's, until further court action in the instant case. A hearing on that motion was held, during which evidence was taken. Testimony at the hearing by members of

the Board who had acted on the contract award indicated that the Board preferred Dick's to Cardinal because Dick's was a local contractor, and thus the money could be kept in the community, and because a local contractor for the job would facilitate better service and maintenance on the windows after installation. Another member of the Board testified that he preferred the type of window Dick's would use over that used by Cardinal, believing the former to be a better window. For the plaintiff, Cardinal's vice-president testified that he was informed at the Board meeting that the only reason for the Board's action was that it wanted to keep the money in the local community. The court, after considering the evidence, found that there was an absence of irreparable injury and a lack of probability of success on the merits, and accordingly denied the motion for preliminary relief. Notice of appeal was filed in connection with the denial of the motion.

Thereafter, the court granted the Board's motion for judgment on the pleadings, stating as the basis for such judgment that Cardinal lacked standing to complain of the Board's action. A notice of appeal from that judgment was also timely filed. The appeals were consolidated.

█ █ The threshold issue is whether Cardinal, as an unsuccessful bidder for the contract, has standing to complain of the Board's alleged violation of the statutory provision requiring contracts to be awarded to the lowest responsible bidder. (Ill. Rev. Stat. 1981, ch. 122, par. 10—20.21.) The trial court, agreeing with the Board, found that Cardinal had no standing. It relied, in substantial part, upon the decision in *Beaver Glass & Mirror Co. v. Board of Education* (1978), 59 Ill. App. 3d 880, 376 N.E.2d 377. There, the court found that the statutory provision was enacted solely for the protection of taxpayers residing within a school district, and not for the benefit of contractors who are unsuccessful bidders. (59 Ill. App. 3d 880, 884.) The general rule of standing pertinent hereto was stated in *Lynch v. Devine* (1977), 45 Ill. App. 3d 743, 748, 359 N.E.2d 1137:

> "Where the suit alleges injury due to violation of a statute, the doctrine of standing requires that the plaintiff be one of the class designed to be protected by the statute, or for whose benefit the statute was enacted, and to whom a duty of compliance is owed. [Citations.] The object of the statute, the nature of the duty imposed by it, and the benefits resulting from its performance dictate what persons are entitled to sue thereunder. [Citation.]"

The pertinent statutory provision here (Ill. Rev. Stat. 1981, ch. 122, par. 10—20.21) states:

"Contracts. To let all contracts for supplies, materials or work or contracts with private carriers for transportation of pupils involving an expenditure in excess of $5000 to the lowest responsible bidder after due advertisement, except contracts which by their nature are not adapted to award by competitive bidding, such as contracts for the services of individuals possessing a high degree of professional skill where the ability or fitness of the individual plays an important part, contracts for the printing of finance committee reports and departmental reports, contracts for the printing or engraving of bonds, tax warrants and other evidences of indebtedness, contracts for utility services such as water, light, heat, telephone or telegraph, contracts for materials and work which have been awarded to the lowest responsible bidder after due advertisement, but due to unforeseen revisions, not the fault of the contractor for materials and work, must be revised causing expenditures not in excess of 10% of the contract price and contracts for the purchase of magazines, books, periodicals, pamphlets and reports, and except where funds are expended in an emergency and such emergency expenditure is approved by ³/₄ of the members of the board. All competitive bids for contracts involving an expenditure in excess of $5000 must be sealed by the bidder and must be opened by a member or employee of the school board at a public bid opening at which the contents of the bids must be announced. Each bidder must receive at least 3 days' notice of the time and place of such bid opening. For purposes of this Section due advertisement includes, but is not limited to, at least one public notice at least 10 days before the bid date in a newspaper published in the district, or if no newspaper is published in the district, in a newspaper of general circulation in the area of the district."

It must be accepted, as noted in *Beaver Glass*, that a principal purpose of this provision is the protection of taxpayers residing within the school district. Nevertheless, the statute does establish procedures benefiting the bidders as well. Boards are required to advertise bid contracts with advance public notice, and such bids must be sealed. A bidder is to receive notice of the time and place for opening of the bids and may be present at the public bid opening where their contents must be announced. These measures, while inuring indirectly to the benefit of the taxpayers by providing for competitive bidding, also directly benefit and protect the bidders themselves. The duty to award the contract to the lowest responsible bidder is owed both to

the taxpaying public and to the bidders, who are made an integral part of the statutory scheme. As a practical matter, securing compliance with the statute, and thereby the benefits to taxpayers, will be more effectively handled by unsuccessful bidders, who for the most part have a greater stake in such matters, and greater resources, than an individual taxpayer. In the long run, permitting such suits by bidders will work to advance the public interest behind the statute by securing the goal of tax savings. In an individual case, it may have the effect of causing additional expenditure by a board which has violated the statute (see *Beaver Glass & Mirror Co. v. Board of Education* (1978), 59 Ill. App. 3d 880, 884), but in a broader picture, giving standing to the bidders where the statute has been violated will advance the object of the statute. We find that unsuccessful lowest responsible bidders are within the zone of protection afforded by section 10—20.21, and where the Board violates the section by awarding a contract to another bidder, the unsuccessful lowest responsible bidder has standing to challenge that action. We note that other Illinois courts have permitted such challenges under similar bidding statutes (*S. N. Neilsen Co. v. Public Building Com.* (1980), 81 Ill. 2d 290, 410 N.E.2d 40; *Brunsfeld v. Board of Education* (1977), 54 Ill. App. 3d 119, 369 N.E.2d 283), although in those cases the standing issue was not addressed. We respectfully disagree with the decision in *Beaver Glass.* Cardinal has standing, as the alleged unsuccessful lower responsible bidder, to challenge a violation of the statute by the Board.

■■ ■ We turn next to the issue of whether Cardinal's complaint stated a cause of action sufficient to afford *mandamus* relief. The Board argues that Cardinal's complaint was insufficient, in that a discretionary decision is involved and there is no allegation of fraud or lack of jurisdiction. The Board cites *People v. Omen* (1919), 290 Ill. 59, 124 N.E. 860, *Oscar George Electric Co. v. Metropolitan Fair & Exposition Authority* (1982), 104 Ill. App. 3d 957, 433 N.E.2d 958, and *Arthur Weil & Co. v. Board of Education* (1977), 49 Ill. App. 3d 649, 364 N.E.2d 542. While *Omen* itself stated that broad rule with respect to discretionary actions by boards of education, it did not address the statutory provision herein at issue. However, it was cited in *Oscar George* and *Arthur Weil*, which were cases based upon this or a similar statutory provision. There is no question that the award of a contract to a bidder involves the exercise of discretion on the part of the Board, which discretion will not normally be interfered with by the courts. However, the Board's suggestion that the courts will only interfere where fraud or lack of jurisdiction is shown, is mistaken. This court stated in *Kermeen v. City of Peoria* (1978), 65 Ill. App. 3d 969,

972, 382 N.E.2d 1374:

> "That, however, is not the end of the matter. If a discretionary power is exercised with manifest injustice or if a palpable abuse of discretion is clearly shown, mandamus will issue. [Citations to *Illinois State Board of Dental Examiners v. People ex rel. Cooper* (1887), 123 Ill. 227, 241, 13 N.E. 201; *People ex rel. Collins v. Young* (1967), 83 Ill. App. 2d 312, 227 N.E.2d 524; and *People ex rel. Shell Oil Co. v. City of Chicago* (1972), 9 Ill. App. 3d 242, 292 N.E.2d 84.]"

The rule was also applied, although in an entirely different context, in *Tedder v. Fairman* (1981), 93 Ill. App. 3d 948, 956-57, 418 N.E.2d 91. (But see *Arthur Weil & Co. v. Board of Education* (1977), 49 Ill. App. 3d 649, 364 N.E.2d 542.) In addition, the Illinois Supreme Court, in *S. N. Neilsen Co. v. Public Building Com.* (1980), 81 Ill. 2d 290, 299, 410 N.E.2d 40, quoted with approval from 10 E. McQuillin, Municipal Corporations sec. 29.73a, at 429-30 (3d ed. 1966):

> " 'In proper circumstances a contract may be awarded to one who is not the lowest bidder, where this is done in the public interest, in the exercise of discretionary power granted under the laws, without fraud, unfair dealing, or favoritism, and where there is a sound and reasonable basis for the award as made.' " (81 Ill. 2d 290, 299.)

While it is clear that under the statute the Board has discretion to determine who is the lowest responsible bidder, and that it need not be the lowest bidder in terms of contract price, nevertheless, under the statute, the Board has the duty to award the contract to the lowest responsible bidder and that bidder, having so established himself, has a right to be awarded the contract.

■ In the instant case, the facts, taken as true from plaintiff's complaint, indicate that Cardinal was the lowest responsible bidder and that the sole reason for favoring Dick's Contracting, a higher bidder, was because the Board wished to keep the money in the community. If, as the pleadings indicate, the sole reason for not awarding the contract to Cardinal, when it was the lowest responsible bidder, was the Board's desire to keep the contract moneys in the community, such action would indicate clear favoritism, without adequate and sufficient justification, and would constitute arbitrary and capricious action, and a clear violation of the statutory mandate.

■ We also believe the trial court erred in denying temporary injunctive relief. This is a separate but related issue. As noted earlier, the trial court denied such temporary injunctive relief because the plaintiff lacked standing and would not probably succeed in proving

entitlement to the principal relief sought. Obviously once the trial court concluded the plaintiff had no standing to bring the action, the probability of success was not only unlikely but impossible in the view of the trial court. The trial court could not have concluded once it resolved the standing issue against the plaintiff there was any likelihood of success and consequently there was no reason for awarding the temporary injunctive relief. Since we have found the trial court erred in its basic conclusion regarding the plaintiff's standing, the conclusion based thereon that the temporary injunctive relief was improper is also in error.

For the foregoing reasons, the judgments of the circuit court of La Salle County are reversed and this cause is remanded for further proceedings in accordance with the views expressed herein.

Reversed and remanded with directions.

STOUDER, P.J., and SCOTT, J., concur.