John M. Bransfield Company, Appellee, v. Robert Kingery et al., Appellants.

## Gen. No. 8,919.

Opinion filed January 17, 1936.

OTTO KERNER, Attorney General, for appellants; T. J. COURTNEY, TRUMAN A. SNELL, JACOB SHAMBERG, WILLIAM J. TUOHY and GERALD E. HORNIDGE, of counsel.

DOYLE, SAMPSON & GIFFIN, of Springfield, for appellee; C. TERRY LINDNER, A. F. NEWKIRK and STANLEY THOMAS, of Springfield, of counsel.

MR. JUSTICE FULTON delivered the opinion of the court.

This action was brought by the John M. Bransfield Company, a corporation, the appellee, for a writ of mandamus to compel the appellants, officials of the department of public works and buildings of the State of Illinois, to approve certain highway paving contracts theretofore awarded to appellee by the board of county commissioners of Cook county. Judgment was entered in favor of the appellee and the respondents, now the appellants, appealed.

The amended petition set up that the appellee was engaged in the building of hard roads and was qualified to bid on construction work to be let by the State of Illinois and its political subdivisions; that theretofore it had been awarded and diligently performed such contracts; that it had submitted its qualifications to the department of public works and buildings of the State of Illinois and had been advised that it was qualified to

handle paving work up to $1,963,200; that it had been placed on the approved contractors' list of that department; that the appellants, as officials of said department, were by law authorized to approve contracts let by county boards for the construction of roads designated as State aid roads; that pursuant to Article 4 of the Roads and Bridges Act the county board of Cook county, having determined to improve portions of Irving Park Boulevard, Eighty-seventh street, and Kedzie avenue, all in the City of Chicago, and having secured the approval of the State department for the plans of construction thereof, advertised for and received bids for such work; that the county board awarded the several contracts to the appellee as the "lowest responsible bidder" and authorized the proper county officials to execute written contracts; that this was done and the appellee executed and delivered bonds for the faithful performance of the contracts.

The petition further alleged that thereafter the three contracts were submitted to the State department and its approval requested; that it became the duty of the appellants to promptly consider said contracts and each of them upon their merits, and to approve the same if found to be in proper form; that the appellants failed, neglected and refused to consider the contracts on the merits or the qualifications of the appellee; that the appellants have never claimed that the contracts or bonds were unsatisfactory, or that the appellee is not in every respect fully responsible and qualified to do the work, but that the appellants unjustifiably refused to approve the contracts. The petition prayed for the issuance of a writ of mandamus directing the appellants to consider the contracts upon their merits and to approve the same.

The answer set forth that the capital stock of the appellee consisted of 50 shares and that John M. Bransfield owned 48 shares of said capital stock. It denied

that the appellee was qualified to make bids on the construction of hard roads or that it was financially responsible or qualified to do paving work or that it was on the approved contractors' list. It further alleged that while it was admitted that the appellee was the "lowest bidder" in each instance the matter of the awarding of the contract in each instance was opposed by the executive and law enforcing department of the county of Cook; that the contracts were returned unapproved to the county superintendent of highways with the statement that the State department and its officers under the present circumstances did not feel that it could approve any contract awarded to the appellee; that the refusal was due to the fact that John M. Bransfield, the owner of 24/25ths of the capital stock of appellee, disqualified himself, in that he, with others, had been indicted by the grand jury of Cook county for conspiring to hinder and prevent persons engaged in the business of trucking and hauling coal within the City of Chicago, from carrying on their business unless these persons would pay to the said John M. Bransfield and the other defendants named in said indictment and to a certain organization called the trucking and transportation exchange various sums of money; that because of the indictment for criminal conspiracy, the executive departments of the State of Illinois and county of Cook regarded him as unfit to receive any contracts for public improvements, any part of which was payable out of State funds, until such time as he was legally acquitted of the charges in the said indictment. The answer further averred the refusal was not unlawfully or wrongfully made.

The replication denied that John M. Bransfield owned 48 shares but admitted that he owned 44 shares of the appellee corporation; stated that the State's attorney was the only official in Cook county who opposed the awarding of the contracts; admitted the

return of the indictment but averred that John M. Bransfield had pleaded not guilty and was innocent and generally denied all material allegations of the answer.

At a trial of the cause, heard by three circuit judges, all of the facts were covered by a stipulation entered into by the parties and substantially as follows:

That appellee, by its charter, was authorized to perform work of the character involved in the contracts under controversy; that one John M. Bransfield owned 44 of the 50 shares of the capital stock of appellee; that from a financial statement, submitted to the State department, by the appellee, it had available assets of $294,487.33 for public contract work; that in response to the invitation of the State department, appellee submitted an experience questionnaire showing that during the years 1929 to 1933, both inclusive, appellee had performed in said county of Cook paving and similar contracts in the total amount of $2,294,930.36 and that all of said work was performed to the entire satisfaction of the public authorities; that on October 14, 1933, said department of public works and buildings sent to appellee a letter, signed by the chief state highway engineer, stating that appellee was qualified to handle contracts to the amount of $1,963,000, and that appellee had been placed on the approved contractors' list of said State department as eligible to receive contracts up to said amount; that the appellee is prepared to prove that it has all the qualifications, financial, by way of equipment, experience, organization, help and employees, to perform each and all of the three contracts involved herein and that appellants are not prepared to offer any evidence to the contrary; that appellee was the lowest responsible bidder for the three paving contracts involved herein unless the pendency of the indictment would operate to prevent it from being so regarded; that on December 29, 1933, the grand jury of Cook county returned an indictment against said John M.

Bransfield, charging him and various other defendants with conspiring to hinder and prevent persons engaged in the business of trucking and hauling coal in the City of Chicago, from carrying on their business unless such persons would pay to said defendants and to a certain organization known as the trucking and transportation exchange various sums of money; that said indictment was then still pending and undisposed of in the criminal court of Cook county; that John M. Bransfield had entered a plea of not guilty to said indictment and would testify if called that he is not guilty of said charges. It was further stipulated that the court should take and determine the case upon the allegations and admissions of the pleadings and the stipulation.

The judgment of the court below was against the appellants and directed them to approve the three contracts described in the judgment order.

It is contended first by the appellants that the appellee has failed to allege or prove facts sufficient to entitle it to a writ of mandamus. They insist that the duties and responsibilities of the department of public works and buildings in the approval of contracts is entirely discretionary and that a rejected bidder has no remedy for refusal of State authorities to award a contract to him. In support of their position appellants cite the cases of *Hallett v. City of Elgin,* 254 Ill. 343; *Stubbs v. Aurora,* 160 Ill. App. 351; *Johnson v. Sanitary District,* 163 Ill. 285, and other similar authorities. An examination of these cases show that they were suits filed to enjoin the letting of contracts to bidders higher than the lowest bidder. In none of these cases was there any abuse of discretion disclosed on the part of the authorities in letting the contract. In each case there was a perfectly good reason assigned why the contract was not let to the lowest bidder, such as insufficient financial responsibility, performance of other public work in an unsatisfactory manner or other reasons

upon which the public officials based their conclusion that the lowest bidder was not properly qualified to do the work. We believe that mandamus will not lie to control the exercise of a discretion where there is room for an honest difference of opinion but that it will lie to prevent a clear abuse of discretion or to control a discretion exercised contrary to an applicable rule of law. Where there has been an unlawful denial of a clear duty on the part of a public official, the citizens to whom such right or duty is owing may secure its performance by the writ of mandamus. In the case of *Dental Examiners v. People,* 123 Ill. 227, the court said:

"If a discretionary power is exercised with manifest injustice, the courts are not precluded from commanding its due exercise. They will interfere where it is clearly shown that the discretion is abused. Such abuse of discretion will be controlled by mandamus. A public officer or inferior tribunal may be guilty of so gross an abuse of discretion or such an evasion of positive duty as to amount to a virtual refusal to perform the duty enjoined, or to act at all in contemplation of law; in such a case mandamus will afford a remedy."

In *People v. Potts,* 264 Ill. 522, where a petition was filed for the writ of mandamus to require the state insurance superintendent to authorize relators to incorporate under the so-called Surety Act, and stating that said respondent had announced his willingness to permit petitioners to incorporate under another statute known as the Casualty Act, but not under said Surety Act, the Supreme Court held that as a matter of law relators were entitled to incorporate under said Surety Act and stated:

"The proper construction of a statute, however, does not come within the reasoning of that class of cases. When the legislature has provided a law applicable to a case, it is the duty of the Court, when called upon, to see that such law is enforced. The duty is imposed

upon appellee to determine whether or not any persons applying for a charter come, by their statement, within the purview of the act. In determining that question he is compelled to decide according to legal principles and construe the law. If he makes a mistake in so construing the law, mandamus will lie.''

A court will always hesitate to interfere with the discretionary powers of a public official and can only do so when there has been a clear abuse of such discretion. In this case the main reason assigned by appellants for refusing to approve the contracts was that John M. Bransfield, the chief stockholder of appellee corporation, was under indictment for conspiracy. Indeed, the stipulation of facts expressly admits that appellee possesses all the qualifications of the lowest responsible bidder upon the contracts, unless the single fact of the pendency of an indictment against one of its stockholders should prevent appellee from being so regarded. Disregarding the information contained in the motion to dismiss, that upon the trial of the conspiracy indictment in the criminal court of Cook county, the jury, acting under the direction of the trial judge, returned its verdict of ''not guilty,'' and that judgment was accordingly entered thereon, we feel that with the presumption of law that the stockholder was presumed to be innocent until proved guilty beyond all reasonable doubt, the refusal of the State department to award the contracts to the corporation was not only unfair and unjust but was the arbitrary action of such department. Such powers are not granted to public officials and where such discretionary power is exercised, with plain injustice, the courts are empowered to command its due exercise by mandamus.

We are not impressed with the point urged by appellants that this is a suit against the State of Illinois and is therefore forbidden by section 26 of Article 4 of the Constitution. In this State an action to compel a public

official to perform a clear and mandatory duty is not a suit against the State. *People v. Stevenson,* 272 Ill. 215; *People v. Jenkins,* 322 Ill. 33.

Appellee, in addition to its briefs and arguments on the points raised by appellants, has also filed a motion to dismiss this appeal on the ground that since the rendition of the judgment appealed from, the case has become moot because of the happening of the following events: the return of the verdict of not guilty in favor of John M. Bransfield in the conspiracy case and a judgment entered thereon; the approval of the contracts on May 8, 1935, by the director of the department of public works and buildings in obedience to the writ of mandamus issued out of the office of the clerk of the circuit court of Sangamon county; the performance and completion of the contract for the Irving Park Boulevard improvement by appellee and its proceeding to near completion of both the Kedzie avenue and Eighty-seventh street contracts. Under these circumstances it seems that the controversy between appellants and appellee has been pretty definitely disposed of; however, because of the possible public interest that might be aroused we have discussed the case on its merits.

We are of the opinion that the judgment of the Sangamon county circuit court should be affirmed.

*Affirmed.*