2022 IL App (1st) 210205-U

No. 1-21-0205

March 21, 2022

First Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| SHANNON WRIGHT, | ) | Appeal from the Circuit Court |
| | ) | of Cook County, Illinois County |
| Plaintiff-Appellant, | ) | Department, Chancery Division, |
| | ) | Illinois |
| v. | ) | |
| THE STATE OF ILLINOIS, STEVEN J. | ) | No. 2019 CH 04991 |
| AMSTUTZ, and ALLSTATE | ) | |
| INSURANCE COMPANY | ) | The Honorable |
| | ) | Sophia Hall |
| Defendant-Appellee. | | Judge Presiding. |

JUSTICE WALKER delivered the judgment of the court, with opinion.
Justice Pucinski and Justice Coghlan concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The circuit court has jurisdiction to decide whether the State has met its statutory duty to provide insurance coverage for its employees.  A personal assistant paid by the Department of Human Services to provide care for clients under the Department's Home Services Program does not count as a State employee for insurance purposes under the Department of Central Management Services Law.

¶ 2    Shannon Wright sued the State of Illinois, seeking a judgment declaring that the State had

a duty to provide insurance coverage for the driver of a van that hit Wright.  The circuit court

dismissed the complaint, holding that the Court of Claims had exclusive jurisdiction over Wright's claim. Wright contends on appeal that the circuit court had jurisdiction over her complaint for a declaratory judgment. We agree with Wright concerning jurisdiction, but we find that the State had no duty to provide insurance coverage because the driver did not count as a State employee for purposes of insurance coverage. We affirm the dismissal of Wright's complaint.

¶ 3                                  I. BACKGROUND

¶ 4      On September 26, 2016, a van driven by Steven Amstutz hit Wright as she crossed a street in Evanston. Wright sued Amstutz, and Amstutz asked the Office of the Attorney General to provide representation and indemnification for any judgment in excess of the Allstate Insurance Company's $100,000 coverage. Amstutz told the Office of the Attorney General that he worked for the Illinois Department of Human Services. The Office of the Attorney General sent Amstutz a letter explaining that the State did not owe Amstutz any coverage because Amstutz did not count as a State employee.

¶ 5      In April 2019, Wright filed a complaint against the State seeking a judgment declaring that the State had a duty, under section 405-105 of the Department of Central Management Services Law, to provide insurance coverage for Amstutz as a driver of a vehicle used by a State employee on State business. 20 ILCS 405/405-105(7) (West 2016). Wright attached to her complaint against the State the answer Amstutz filed in her suit against him. Amstutz admitted in the answer that at the time of the accident, "he was employed as a Personal Assistant/Personal Aid for the State of Illinois, Department of Human Services (DHS)." Amstutz explained that on September 26, 2016, he drove a van belonging to his client, Larry Biondi, and the State paid him to help Biondi and other clients.

¶ 6     The State moved to dismiss the complaint under section 2-619 of the Code of Civil Procedure. 735 ILCS 5/2-619 (West 2018).  The State argued that Amstutz did not count as a State employee for purposes of the Department of Central Management Services Law.  As an alternative basis for dismissal, the State argued that the Court of Claims had exclusive jurisdiction over Wright's cause of action.

¶ 7     The circuit court addressed only the jurisdictional argument.  On August 7, 2020, the court entered an order dismissing the complaint because the Court of Claims had exclusive jurisdiction over Wright's claim.  On the same date, in a separate order, the court ruled:

> "To allow the parties time to review the Court's written opinion, this case is set for
>
> Status on September 1, 2020 ***.
>
>    *** The time period within which to file a post-judgment motion or appeal shall
>
> begin to run on September 1, 2020."

¶ 8     Wright filed a motion to reconsider on September 29, 2020.  The circuit court denied the motion in an order dated January 27, 2021, and Wright filed a notice of appeal on February 25, 2021.

¶ 9                                   II. ANALYSIS

¶ 10     On appeal, Wright argues that the Court of Claims did not have exclusive jurisdiction over her complaint against the State.  The State contends that this court lacks jurisdiction over the appeal because Wright filed neither a postjudgment motion nor a notice of appeal within 30 days of the entry of the final judgment.

¶ 11                              A. Appellate Jurisdiction

¶ 12    The circuit court's order dated August 7, 2020, finally disposed of the complaint based on the finding that the court lacked jurisdiction. For 30 days after the entry of that order, the court retained jurisdiction to modify the judgment. *Chen Ying Yang v. Chen*, 283 Ill. App. 3d 80, 82-83 (1996). The court modified the judgment by making September 1, 2020, the effective date of the judgment, thereby allowing the parties 30 days beyond September 1, 2020, for filing a timely postjudgment motion or a notice of appeal. 735 ILCS 5/2-1203(a) (West 2018); *e.g.*, *Illinois National Bank of Springfield v. Gwinn,* 390 Ill. 345, 352 (1945). Wright filed a timely motion to reconsider on September 29, 2020. The circuit court denied the motion on January 27, 2021, and Wright filed a notice of appeal on February 25, 2021, within 30 days of the court's resolution of the only postjudgment motion. We have jurisdiction over the appeal. Ill. S. Ct. R. 303(a) (eff. July 1, 2017); *In re Marriage of Heinrich*, 2014 IL App (2d) 121333, ¶ 35.

¶ 13                                B. Court of Claims

¶ 14    We review *de novo* the dismissal of the complaint for lack of jurisdiction. *Parmar v. Madigan*, 2018 IL 122265, ¶ 17; *Leetaru v. Board of Trustees of the University of Illinois*, 2015 IL 117485, ¶ 41.

¶ 15    The doctrine of sovereign immunity formed the basis for the circuit court's ruling that it lacked jurisdiction over the complaint. The Illinois Constitution of 1970 abolished sovereign immunity "[e]xcept as the General Assembly may provide by law." Ill. Const. 1970, art. XIII, § 4. The General Assembly reinstituted limited sovereign immunity by enacting the State Lawsuit Immunity Act (745 ILCS 5/0.01 *et seq.* (West 2018)) and the Court of Claims Act (705 ILCS 505/1 *et seq.* (West 2018)). *Leetaru*, 2015 IL 117485, ¶ 42.

¶ 16    The Court of Claims Act gives the Court of Claims "exclusive jurisdiction to hear and determine *** [a]ll claims against the State founded upon any law of the State of Illinois, *** [a]ll

- 4 -

claims against the State founded upon any contract entered into with the State of Illinois, *** [and] [a]ll claims against the State for damages in cases sounding in tort." 705 ILCS 505/8(a), (b), (d) (West 2018). The determination of whether the Court of Claims has exclusive jurisdiction over a claim "does not depend on the identity of the formal parties, but on the issues involved and the relief sought." *Senn Park Nursing Center v. Miller*, 104 Ill. 2d 169, 186 (1984). "Sovereign immunity affords no protection *** when it is alleged that the State's agent acted in violation of statutory or constitutional law or in excess of his authority, and in those instances an action may be brought in circuit court." *Healy v. Vaupel*, 133 Ill. 2d 295, 308 (1990). "[A]n action to compel a public official to perform a clear and mandatory duty is not a suit against the State." *John M. Bransfield Co. v. Kingery*, 283 Ill. App. 405, 412-13 (1936).

¶ 17    Section 405-105 of the Department of Central Management Services Law provides:

"The Department shall establish and implement a program to coordinate the handling of all fidelity, surety, property, and casualty insurance exposures of the State and the departments, divisions, agencies, branches, and universities of the State. In performing this responsibility, the Department shall have the power and duty to do the following:

*** implement a plan providing for the purchase of public liability insurance or for self-insurance for public liability or for a combination of purchased insurance and self-insurance for public liability *** covering drivers of motor vehicles *** used by a State employee on State business, in excess of liability covered by an insurance policy obtained by the owner of the motor vehicle or in excess of the dollar amounts that the Department shall determine to be reasonable." 20 ILCS 405/405-105(7) (West 2016).

¶ 18    Wright argues that the State and its officers have a non-discretionary statutory duty to provide insurance coverage for State employees, including Amstutz, using vehicles for State business.  Wright's failure to name the specific officer who failed to provide insurance coverage does not change the nature of the relief she seeks.  See *Senn Park Nursing Center*, 104 Ill. 2d at 186. In addition, as we recognized in *Landon v. Jarvis*, 255 Ill App 3d 439, 447 (1993), "the question of whether the State has insurance as it relates to immunity is irrelevant in the determination of jurisdictional forum" (citations omitted). It follows that Wright has stated a claim that does not fall within the exclusive jurisdiction of the Court of Claims. See *Leetaru*, 2015 IL 117485, ¶ 48. The circuit court erred when it found it lacked jurisdiction over Wright's complaint.

¶ 19                                    C. Amstutz's Employment

¶ 20    We may affirm the dismissal of the complaint on any basis supported by the record, regardless of the circuit court's reasoning. *Masters v. Murphy*, 2020 IL App (1st) 190908, ¶ 9. The Disabled Persons Rehabilitation Act (Rehabilitation Act) (20 ILCS 2405/1 et seq. (West 2016)) provides for the "rehabilitation, habilitation, and other services to persons with one or more disabilities." The Rehabilitation Act gives DHS the power to establish programs designed "to prevent unnecessary or premature institutionalization" of persons with disabilities. 20 ILCS 2405/3(f) (West 2016). Amstutz is affiliated with a program that utilizes "personal assistants" to provide care and assistance to disabled people in their own homes. DHS regulations provide that a disabled person receiving care as (1) the "customer" and (2) the "employer" of the personal assistant. 89 Ill. Adm. Code 676.30(b)(3) (2016). Solely for the purposes of coverage under the Illinois Public Labor Relations Act (5 ILCS 315/1 *et seq*. (West 2016)), the Rehabilitation Act designates these personal assistants as public employees. The amendment providing for this employee/employer relationship allowed personal assistants to collectively bargain with DHS to

set the level of pay for personal assistants. The Rehabilitation Act specifically provides that the State "shall not be considered to be the employer of *** personal assistants *** for any purposes not specifically provided in Public Act 93-204 or Public Act 97-1158, including but not limited to, purposes of vicarious liability in tort and purposes of statutory retirement or health insurance benefits." 20 ILCS 2405/3(f) (West 2016). *Hoffman v. Madigan*, 2017 IL App (4th) 160392.

¶ 21    The Illinois Public Labor Relations Act echoes the restriction by providing that "home care and home health workers who function as personal assistants *** shall not be considered public employees for any purposes not specifically provided for in Public Act 93-204 or Public Act 97-1158, including but not limited to, purposes of vicarious liability in tort and purposes of statutory retirement or health insurance benefits.  Home care and home health workers who function as personal assistants *** shall not be covered by the State Employees Group Insurance Act of 1971 (5 ILCS 375/)."  5 ILCS 315/3(n) (West 2016).

¶ 22    In the statement appended to Wright's complaint against the State, Amstutz asserted he worked for the State as a personal assistant for his clients, including Biondi. Wright has not attempted to show that Public Act 93-204 or Public Act 97-1158 specifically required the State to provide insurance coverage for Amstutz and other personal assistants. Under the explicit terms of the Public Labor Relations Act and the Rehabilitation Act, we hold, as a matter of law, Amstutz did not count as a State employee for purposes of the Department of Central Management Services Law. Because the State had no duty to provide insurance coverage for Amstutz, we affirm the dismissal of Wright's complaint for a declaratory judgment.

¶ 23                                    III. CONCLUSION

¶ 24    The circuit court exercised its power to modify its judgment to extend the time for filing postjudgment motions.  Because Wright filed a timely motion to reconsider and a timely notice of

appeal after the circuit court denied the motion to reconsider, this court has jurisdiction over the appeal. Wright's complaint, seeking a judgment declaring that the State violated its statutory duty to provide insurance coverage for its employees, did not fall within the exclusive jurisdiction of the Court of Claims. The circuit court erred when it dismissed the complaint against the State for lack of jurisdiction. However, the Public Labor Relations Act and the Rehabilitation of Persons with Disabilities Act establish that Amstutz, as a personal assistant, did not count as a State employee for purposes of the Department of Central Management Services Law and its requirement that the State provide insurance coverage for vehicles used by State employees on State business. Accordingly, we affirm the dismissal of Wright's complaint.

¶ 25    Affirmed.